**In re HECHINGER INVESTMENT COMPANY OF DELAWARE, INC., et al., Debtors.**

**Hechinger Investment Company of Delaware, Inc., Debtor–in–Possession, Plaintiff,**

**v.**

**Raytheon Company d/b/a Amana Refrigeration, Inc., Defendant.**

**Bankruptcy No. 99–02261(PJW). Adversary No. 01–1726.**

United States Bankruptcy Court, D. Delaware.

Dec. 3, 2002.

Jeffrey C. Wisler, Michelle McMahon, Connolly, Bove, Lodge & Hutz, LLP, Wilmington, DE, for Defendant.

Mark E. Felger, John T. Carroll, III, Cozen O'Connor, Chase Manhattan Centre, Wilmington, DE, Joseph L. Steinfeld, Jr., Joseph A. Hess, Deborah C. Swenson, A–S–K Financial, Eagan, MN, Co–Counsel for Plaintiff.

## MEMORANDUM OPINION

PETER J. WALSH, Chief Judge.

This opinion relates to Amana Appliance Company, L.P.'s ("Amana") Motion to Dismiss (Doc. # 7), Hechinger Investment Company of Delaware, Inc.'s ("Plaintiff") Motion for Leave to Amend Complaint to Reflect the Proper Defendant's Name (Doc. # 10), Plaintiff's First Amended Complaint to Avoid and Recover Transfers of Property (Doc. # 11), Amana's Motion to Dismiss Amended Complaint (Doc. # 14) and Plaintiff's Amended Motion for Leave to Amend Complaint to Reflect the Proper Defendant's Name (Doc. # 17). Plaintiff seeks leave to amend its complaint as "justice so requires" in accordance with Federal Rule of Civil Procedure 15(a), which is made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7015.[1] For the reasons set forth below, I will deny Amana's Motion to Dismiss (Doc. # 7) and Motion to Dismiss Amended Complaint (Doc. # 14) and grant Plaintiff's Amended Motion for Leave to Amend Complaint to Reflect the Proper Defendant's Name (Doc. # 17) and will dismiss as moot Plaintiffs's Motion to for Leave to Amend Complaint to Reflect the Proper Defendant's Name (Doc. # 10).

## BACKGROUND

On June 11, 1999, Plaintiff filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. Plaintiff as debtor in possession is authorized to commence

---

1. The Court will cite to the federal rules of procedure as either "Civil Procedure Rule __" or "Bankruptcy Rule __".

preference actions on behalf of the estate. Plaintiff's plan of reorganization was confirmed on October 5, 2001.

This adversary proceeding was filed on June 5, 2001 by Plaintiff against Raytheon Company d/b/a Amana Refrigeration, Inc. ("Raytheon"). Plaintiff asserts that during the ninety day preference period, Raytheon received preferential payments totaling $1,427,459.47. Plaintiff asserts that these payments are avoidable under 11 U.S.C. § 547(b) and recoverable under 11 U.S.C. § 550(a)(1) because the payments were made in satisfaction of antecedent debts.

Amana filed an answer in response to the complaint and appeared specially to file its motion to dismiss. By that motion, Amana seeks to have the case dismissed based on Bankruptcy Rule 7012 and Civil Procedure Rules 12(b)(2), (4) and (5). Amana asserts this Court lacks personal jurisdiction due to insufficiency of process and insufficiency of service of process. In support, Amana states that Plaintiff failed to name a proper party in the caption of the Complaint and that it had not been served with the Complaint or summons and notice.

After Amana filed its motion to dismiss, Plaintiff filed a reply in which it argued that Amana was not a party and lacked standing to move for dismissal and that Amana's motion was premature. Thereafter, Plaintiff filed its motion to amend, asserting that Amana had not been named as a party and could not file a responsive pleading and because no responsive pleading had been filed Plaintiff could still amend as a matter of right. In the alter-native, Plaintiff asserts that the Court should grant leave to amend in the interest of justice. Plaintiff seeks to amend its complaint because "upon information and belief" it feels that the correct defendant in the avoidance action is Amana, not Raytheon.

## DISCUSSION

█ Under Civil Procedure Rule 15(a), "leave to amend shall be freely given when justice so requires."[2] Fed.R.Civ.P. 15(a). The Court has the discretion to grant leave to amend a filing, however, "the ... outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of that discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). A denial of leave to amend is justified if there is undue delay, bad faith, a dilatory motive, prejudice or futility. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997). I find that undue delay, bad faith, dilatory motive and futility do not exist here. The only topic which could be addressed by the parties is that of prejudice.

█ With respect to potential prejudice to the non-moving party, it does not appear as if Amana will suffer any prejudice if Plaintiff is permitted to amend its complaint. Amana does not provide any reason why it would be prejudiced if Plaintiff was granted leave to amend. The amendment will not be prejudicial because Amana had actual notice of the action and filed

---

**2.** Fed.R.Civ.P. is made applicable to adversary proceedings under the Bankruptcy Code by Fed. R. Bankr.P. 7015, and reads in relevant part:

(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. ...

an answer on its own behalf. Plaintiff's amended complaint does not add substantive claims or alter the theory of the case. Plaintiff's sole reason for seeking this amendment is to correct the name of the defendant. Amana has had knowledge of the substantive issues and is apparently prepared to defend as evidenced by its answer. This case has not proceeded past initial motions and only limited discovery has been conducted.

## CONCLUSION

Because I find that there is no prejudice to Amana, it will grant Plaintiff leave to file the amended complaint in order to reflect the correct name of the defendant. Amana's motions to dismiss the complaint and the amended complaint will be denied.