**In re VALLEY MEDIA, INC., Debtor.**

**Valley Media, Inc., Plaintiff,**

v.

**Borders, Inc., Defendant.**

**Bankruptcy No. 01–11353 PJW.
Adversary No. 02–2212.**

United States Bankruptcy Court,
D. Delaware.

Jan. 7, 2003.

David J. Baldwin, Elihu Ezekiel Allinson, III, Potter Anderson & Corroon LLP, Wilmington, DE, Michael C. Hammer, Dawn R. Copley, Dickinson Wright PLLC, Detroit, MI, for Borders, Inc., Defendant.

Donna L. Culver, David J. Teklits, Donna L. Harris, Thomas W. Briggs, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Valley Media, Inc., Debtor and Debtor–in–Possession.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This opinion relates to the "Motion of Defendant Borders, Inc. to Dismiss in Part Complaint for Turnover Pursuant to 11 U.S.C. § 542(e) and to Avoid Preferential Transfers and to Recover Property Pursuant to 11 U.S.C. §§ 547 and 550" (Doc. # 5) and "Plaintiff's Motion for Leave to File an Amended Complaint" (Doc. # 11). Borders, Inc. ("Defendant") requests that the Court dismiss Counts VI and VII of the complaint under Federal Rule of Civil Procedure 12(b)(6), which is made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7012. Valley Media, Inc. ("Plaintiff") seeks leave to amend its complaint as "justice so requires" in accordance with Federal Rule of Civil Procedure 15(a), which is made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7015.[1] For the reasons set forth below, I will conditionally grant Defendant's motion to dismiss and will

---

1. I will cite to the federal rules of procedure as either "Civil Procedure Rule __" or "Bankruptcy Rule __".

grant Plaintiff's motion for leave to file an amended complaint.

## BACKGROUND

On November 20, 2001, Plaintiff filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* Plaintiff filed this adversary proceeding on March 19, 2002. In Counts VI and VII of the complaint, Plaintiff asserts that during the ninety day preference period Defendant received preferential payments totaling "not less than $624,627.18." *See* Doc. # 1 at ¶ 38. Plaintiff asserts that these payments are avoidable under 11 U.S.C. § 547(b) and recoverable under 11 U.S.C. § 550(a)(1) because the payments were used to satisfy antecedent debt.

Defendant filed its answer responding to Counts I through V of the complaint and setting forth certain affirmative defenses. Defendant also filed the present motion seeking dismissal of Counts VI and VII, based on Bankruptcy Rule 7012 and Civil Procedure Rule 12(b)(6), for failing to state a claim upon which relief can be granted. In its motion to dismiss, Defendant argues that the complaint lacks sufficient factual information to provide Defendant with fair notice and fails to meet Civil Procedure Rule 8's pleading requirement.[2] *See* Doc. # 5 at ¶ 2.

Plaintiff filed a motion to amend the complaint and an objection to Defendant's motion to dismiss. Plaintiff's proposed amended complaint provided Defendant with the factual information that was lacking in the original complaint. Plaintiff claims that Civil Procedure Rule 15(a) permits amendment in the instant proceeding because the original complaint placed Defendant on notice and no undue delay, bad faith, futility or undue prejudice exists. *See* Doc. # 11 at 2. Defendant argues that any amendment to the complaint would be futile and should be disallowed under Civil Procedure Rule 15(a). *See* Doc. # 18 at 4–5. In support of this contention, Defendant argues that Plaintiff has not supplied sufficient factual information to show that Defendant is a creditor with an interest in the property that was transferred, that the transfer satisfied an antecedent debt and how these transfers enabled the Defendant to receive more than it would have in a Chapter 7 liquidation. *See id.* at 3.

## DISCUSSION

Under Civil Procedure Rule 12(b)(6), "[e]very defense, in law or fact, to a claim for relief in any pleading, ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ...(6) failure to state a claim upon which relief can be granted." *See* Fed.R.Civ.P. 12(b). In *Posman v. Bankers Trust Company,* Adv. Pro. No. 97–245, Walsh, C.J. (Bankr.D.Del. July 28, 1999), this Court was asked to address an issue identical to the present situation. In *Posman,* I detailed the necessary elements for pleading a preferential transfer avoidance action. Due to the similarity between the two cases, I will apply the pleading standard enunciated in *Posman* to Defendant's present motion to dismiss.

In *Posman,* Bankers Trust sought dismissal of an avoidance action because Posman's complaint alleged that "[w]ithin the ninety (90) day period pre-

---

**2.** Fed.R.Civ.P. 8 is made applicable to adversary proceedings under the Bankruptcy Code by Fed. R. Bankr.P. 7008, and reads in relevant part:

(a) Claims for Relief. A pleading which sets forth a claim for relief, ... shall contain... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...

ceding the Commencement Date, the Debtors made certain payments to [Bankers Trust] totaling $91,763,464." *See id.* at 2. In *Posman,* no further description was offered regarding the alleged preferential transfers. Posman's response provided additional documentation regarding the transfers and requested that the court deny Bankers Trust's motion to dismiss. The court noted that Civil Procedure Rule 8 only required "a short and plain statement of the claim showing that the pleader is entitled to relief." *See id.* at 4. Although significant factual detail is not required, the claim must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The court also noted that other courts have held that merely quoting statutory language is insufficient to survive a Rule 12(b)(6) motion. *See, e.g., Kubick v. FDIC (In re Kubick),* 171 B.R. 658, 660 (9th Cir. BAP 1994) (holding that entry of a default judgment was inappropriate where complaint merely recited statutory language and contained no facts). In *Posman,* I found that the following information must be included in a complaint to avoid preferential transfers in order to survive a motion to dismiss: (a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer. *See Posman,* Adv. Pro. No. 97–245, at 6.

Plaintiff argues that the *Posman* opinion is inapplicable for two reasons. First, Posman did not provide accurate information in her briefing relating to the avoidance payments resulting in a significant increase in preferential payments between the amounts in the complaint and the briefed amounts. Second, Plaintiff notes that it has provided the requested information in its motion to amend and that it is Defendant that refuses to stipulate to the inclusion of this factual data.

█ I find Plaintiff's arguments unavailing and believe that the *Posman* decision properly controls the matter before me. Although Plaintiff has provided the additional information in a motion to amend, it cannot be used in considering Defendant's motion to dismiss, and will be separately addressed. Plaintiff's complaint only contains a rough estimate of the total amount of the preferential transfers. No other information is provided in the complaint. Furthermore, Plaintiff only quotes the statutory language from 11 U.S.C. §§ 547(b) and 550(a) for the remainder of Counts VI and VII. Based on the *Posman* decision, this information is insufficient to survive a Rule 12(b)(6) motion and the Court will conditionally grant Defendant's motion to dismiss.

█ Under Civil Procedure Rule 15(a), "leave to amend shall be freely given when justice so requires." [3] The court has the discretion to grant leave to amend a filing, however, "the ... outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of that discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *See*

---

3. Fed.R.Civ.P. is made applicable to adversary proceedings under the Bankruptcy Code by Fed. R. Bankr.P. 7015, and reads in relevant part:

    (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). A denial of leave to amend is justified if there is undue delay, bad faith, a dilatory motive, prejudice or futility. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997). I conclude that none of the reasons for denying a motion for leave to amend a complaint exist in the present factual scenario. Therefore, Plaintiff's motion to amend the complaint will be granted.

Defendant argues that any amendment should be denied as futile because Plaintiff's proposed amended complaint still fails to provide fair notice. Defendant argues that Plaintiff's complaint should also prove: (1) how Defendant is considered a creditor; (2) how an interest in the property was transferred to the Defendant; (3) that Plaintiff owed Defendant an antecedent debt; and (4) how the transfers enable Defendant to receive more than it would have in a Chapter 7 liquidation. *See* Doc. 18 at 4. Defendant's arguments run contrary to Civil Procedure Rule 8. This court has required adversary proceeding plaintiffs to provide basic factual information concerning the amounts sought to be avoided as preferences. *See Posman,* Adv. Pro. No. 97–245, at 6. The information required by that decision is sufficient to place a defendant on fair notice. I decline to adopt Defendant's view of complaint pleading which would require detailing all relevant facts.

## CONCLUSION

Plaintiff failed to plead sufficient factual information in its complaint to provide Defendant with fair notice of the transfers Plaintiff seeks to avoid. Therefore, Plaintiff's complaint is subject to dismissal. However, I also conclude that Plaintiff should be permitted to file an amended complaint to set forth the factual allega-tions to which Defendant is entitled under Civil Procedure Rule 8. Plaintiff shall have 30 days in which to file and serve an amended complaint which complies with this ruling.

## ORDER

For the reasons set forth in the Court's Memorandum Opinion of this date, "Plaintiff's Motion for Leave to File an Amended Complaint" (Doc. # 11) is **GRANTED.** Plaintiff shall file and serve its amended complaint within thirty (30) days from the date of this order. If an amended complaint is not filed and served within the thirty (30) day period, the complaint will be dismissed without further order of the Court.