**In re TWA INC. POST CONFIRMATION ESTATE, Debtors.**

**TWA Inc. Post Confirmation Estate, Plaintiff,**

**v.**

**Marsh USA Inc., et al., Defendants.**

**Bankruptcy No. 01–00056(PJW).**
**Adversary No. 03–70143(PJW).**

United States Bankruptcy Court,
D. Delaware.

Jan. 20, 2004.

---

  Joseph J. Bodnar, Monzack and Monaco, P.A., Wilmington, DE, Margaret M.

Anderson, Jina L. Jonen, Timothy S. McFadden, Lord, Bissell & Brook, Chicago, IL, for Defendants United States Aviation Underwriters, Inc., as Manager of United States Aircraft Insurance Group; Those Underwriters at Lloyd's, London Subscribing to Aviation Hull Policy No. 509/AW769599; Allianz Marine & Aviation France f/k/a Assurances Gènèrales de France Marine Aviation Transport; Global Aerospace, Inc.; Westminster Aviation Insurance Group; New York Marine and General Insurance Company; Generali Worldwide Ins. Co., Ltd.

Thomas E. Dutton, Laurie M. Thornton, Kirkland & Ellis, Chicago, IL, Laura Davis Jones, James E. O'Neill, Michael P. Migliore, Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., Wilmington, DE, Co–Counsel for the Estate–Plaintiff.

Gregory W. Werkheiser, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Defendant Marsh USA, Inc.

Neil B. Glassman, Ashley B. Stitzer, The Bayard Firm, Wilmington, DE, Alan M. Grochal, Lynn A. Kohen, Tydings & Rosenberg, LLP, Baltimore, MD, for Hartford Fire Insurance Company.

Frederick B. Rosner, Jaspan Schlesinger Hoffman LLP, Wilmington, DE, Elliott M. Kroll, Alan R. Lyons, Herrick, Feinstein LLP, New York, NY, for Defendant Generali France.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This opinion is with respect to the motions to dismiss (Doc. ## 9, 11, 15, 16, 17, 18, 32, 33, 39) filed by defendants Marsh USA, Inc.; Allianz Marine & Aviation France f/k/a Assurances Generales de France Marine Aviation Transport and As-

surance France Aviation; Global Aerospace, Inc.; Generali Worldwide Insurance Co., Ltd.; Hartford Fire Insurance Co.; Lloyd's London Subscribing to Aviation Hull Policy No. 509/AW769599; New York Marine & General Insurance Co.; United States Aviation Underwriters, Inc.; and Westminster Aviation Insurance Group ("Defendants"). By its complaint, the TWA Inc. Post Confirmation Estate ("TWA") seeks to recover alleged preferential transfers. For the reasons set forth below, the Court will grant Defendants' motions in part, and subject to allowing TWA to file an amended complaint within 30 days.

## BACKGROUND

Marsh USA, Inc. ("Marsh") was an insurance broker/agent for Trans World Airlines, Inc. and its affiliates ("the Debtors") and it arranged for insurance coverage by the other Defendants. Marsh would invoice the Debtors for the insurance premiums on an aggregated basis, the Debtors then paid Marsh by a single check and Marsh forwarded the appropriate funds to the individual insurance companies for the amounts owed on each of the policies. Apparently, Marsh would retain a portion of the payments for agency commissions. During the ninety days prior to the petition date, Marsh received approximately $2,000,000 from the Debtors for policy premiums and agency commissions.

On January 10, 2001 the Debtors filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").[1] In March 2001 substantially all of the Debtors' assets were sold to American Airlines, Inc. The Debtors' liquidation plan was confirmed on June 14, 2002 and all rights and assets of the Debtors were transferred to TWA.

On November 22, 2002, TWA sent a letter to Marsh demanding the payment and/or turnover of $2,186,847.87 for the alleged preferential transfers. After not receiving a response to its letter, TWA filed a complaint pursuant to §§ 547(b)[2] and 550 to avoid and recover "approximately two million dollars." (Doc. #1, ¶ 18). The complaint was filed on January 9, 2003, the eve of the two-year statute of limitations. Defendants each filed motions to dismiss on the grounds that the complaint lacks sufficient information to put Defendants on notice of a cause of action.

## DISCUSSION

### A. Complaint Sufficiency

Under the Federal Rules of Civil Procedure, Rule 12(b)(6), a defendant can move to dismiss a complaint on the ground that

---

1. Individual sections of the Bankruptcy Code will be cited herein as "§ ___".

2. Section 547(b) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made—

    (A) on or within 90 days before the date of the filing of the petition; or
    (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if—
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
11 U.S.C. § 547(b) (1993).

the complaint fails to state a claim upon which relief may be granted. This Rule is made applicable to adversary proceedings in a bankruptcy case pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.[3] "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997). In reaching that decision the court is " 'required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff.' " *Hechinger Inv. Co. v. M.G.H. Home Improvement (In re Hechinger Inv. Co.)*, 288 B.R. 398, 400 (Bankr.D.Del.2003) (citing *Morse*, 132 F.3d at 906).

■ A complaint need not be pled with specificity since the Federal Rules of Civil Procedure require a notice pleading, which according to Rule 8(a)(2) is a "short and plain statement," Fed.R.Civ.P. 8(a)(2), of the claims "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct. 99. However, simply quoting the statutory language is not sufficient to survive a motion to dismiss. *Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.)*, 288 B.R. 189, 192 (Bankr.D.Del.2003). Furthermore, a "party cannot amend its [insufficient] complaint by a response or affidavit filed in opposition to a motion to dismiss." *Posman v. Bankers Trust Co.*, Adv. Pro. No. 97–245, Walsh, J., at 3, 1999 WL 33742299 (Bankr.D.Del. July 28, 1999) (cit-

ing *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994)).

■ In support of their motions to dismiss, Defendants attack the sufficiency of TWA's complaint and cite *Valley Media*, which sets forth the necessary elements for pleading a preferential transfer avoidance action. In *Valley Media*, relying on *Posman*, I found that the following information must be pled in a complaint to survive a motion to dismiss: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer." *Valley Media*, 288 B.R. at 192 (citing *Posman*, Adv. Pro. No. 97–245, at 6).

In relevant part, the complaint states:

18. Within 90 days prior to the Petition Date, Marsh received payments from Debtors of approximately two million dollars. These payments included funds for the premiums of policies Debtors held with defendants.... On information and belief, Marsh then sent funds from those payments made by Debtors to defendants....

19. The Estate demanded payment and/or turnover of the preferential transfers which are the subject of this Complaint by letter to Defendant Marsh dated on or about November 22, 2002. As of the date of this Complaint, none of the amount demanded has been paid.

(Complaint, Doc. # 1)

The complaint is deficient for a failure to provide the nature and amounts of the debts, dates of payment transactions, amounts of the payment transactions, etc.

---

**3.** Rule 7012(b) states "Rule 12(b)–(h) F.R. Civ. P. applies in adversary proceedings." Fed. R. Bankr.P. 7012(b).

This complaint is similar to the pleadings in *Claybrook v. Southwestern Bell Telephone Co.*, Adv. Pro. No. 01–01542, Walsh, J. (Bankr.D. Del. April 3, 2002), in which I granted the motion to dismiss because of the insufficiency of the complaint. In *Claybrook* the "only fact alleged in the Complaint in support of Plaintiff's claims is that during the ninety days prior to the Petition Date, Debtors made preferential transfer(s) to the Defendant totaling at least $24,901.31." *Id.* at 4. Here, similar to *Claybrook*, the complaint only provides one aggregated payment amount and then paraphrases the relevant statutory language.

■ TWA relies on the November 22, 2002 letter to provide the specifics necessary to survive a motion to dismiss. Although it was referred to in the complaint, the letter was not part of the complaint nor incorporated by reference; it is attached as an exhibit to TWA's response to the motions to dismiss. Such a response cannot be used to cure the defects of a complaint. Furthermore, there is no basis to believe that the Defendant insurance companies got a copy of the November 22, 2002 letter or that Marsh otherwise put them on notice of its specific content. The complaint is deficient of appropriate facts and the motion to dismiss will be granted. I will, however, grant TWA the right to file an amended complaint within 30 days.

■■ Under Rule 15(a)[4] of the Federal Rules of Civil Procedure "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires...." Fed.R.Civ.P. 15(a). "An amendment of a

pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...." Fed. R.Civ.P. 15(c)(2). "A denial of leave to amend is justified if there is undue delay, bad faith, dilatory motive, prejudice or futility." *Valley Media*, 288 B.R. at 193; *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997); *Hechinger Inv. Co. v. Raytheon Co. (In re Hechinger Inv. Co.)*, 286 B.R. 591, 593–94 (Bankr.D.Del.2002).

■ Here, Defendants argue that the opportunity to amend the complaint should not be permitted because of undue delay and prejudice. Further, they argue that if the amendment is allowed it should not relate back to the date of the complaint and should be barred by the statute of limitations because it is a new claim. I find no merit to Defendants' argument. Defendants have already been put on notice of the essential issues involved and they are surely fully informed regarding their business dealings with TWA. I reject the argument made by Defendants that there was an undue delay by TWA because the complaint was filed on the eve of the expiration of the two-year statute of limitations. It is not at all unusual, indeed, it happens in most liquidating chapter 11 cases, that preference actions are filed late in the case, often on the eve of the expiration of the two-year period. Given the fact that Defendants are larger sophisticated creditors, there is no risk that records regarding the relevant transactions will have been lost or discarded, particularly given the fact that these companies were put on notice of this dispute just two years following the subject transactions. Fur-

---

4. Rule 15 is made applicable to adversary proceedings under the Bankruptcy Code by

Rule 7015 of the Federal Rules of Bankruptcy Procedure.

thermore, all creditors of the Debtors were on notice with the filing of the petitions that this chapter 11 case was very likely going to result in a liquidation and large liquidation cases invariably result in a large number of preference actions. Over 500 preference actions have been filed in the Debtors' chapter 11 case.

In drafting the amendment TWA might face difficulty satisfying the elements set forth in *Valley Media* because, given the fact that the Debtors were transferring payments through Marsh, they presumably do not have the specific information as to the amounts and when they were transferred by Marsh to the individual insurance carriers. Thus, the fact situation we have here would warrant a relaxation of the rule as I articulated it in the two prior decisions. TWA will be entitled to pursue these details in discovery. Thus, the detail required of TWA for a proper complaint is essentially the information set forth in the November 22, 2002 letter.

## B.   Marsh as a Conduit

In Marsh's motion to dismiss, in addition to the arguments made by the Defendant insurance companies, Marsh also argues that it was a mere conduit for the payments and therefore it is not subject to recovery under § 550. In response, TWA points out that it does not know, and does not have any basis for knowing, at this point, what portion of the funds were passed on to the insurance carriers, which could only be determined after it has an opportunity to conduct discovery. Furthermore, TWA claims that Marsh received a portion of the transfer funds in the form of commissions for acting as the broker in servicing the premium obligations for these policies. That allegation, I believe, is sufficient to deny Marsh's motion on the grounds of it only being a conduit.

## CONCLUSION

TWA has failed to plead sufficient factual details in its complaint about the transfers it seeks to avoid. Therefore, TWA's complaint is dismissed. However, TWA will be permitted to file an amended complaint to set forth the factual allegations to which Defendants are entitled. TWA shall have 30 days in which to file and serve an amended complaint which complies with this ruling.

## ORDER

For the reasons set forth in the Court's Memorandum Opinion of this date, Defendants motions to dismiss (Doc. ## 9, 11, 15, 16, 17, 18, 32, 33, 39) TWA's complaint is **GRANTED**, in part, subject to the right of TWA to file an amended complaint within 30 days from the date of the order.