### In re TWEETER OPCO, et al., Debtors.

**George L. Miller, in his Capacity as Chapter 7 Trustee of the Bankruptcy Estate of Tweeter Opco, LLC, Tweeter Newco, LLC, Tweeter Tivoli LLC, and Tweeter Intellectual Property, LLC, Plaintiff,**

v.

**Mitsubishi Digital Electronics America Inc., Defendant.**

Bankruptcy No. 08–12646 (MFW).
Adversary No. 10–54038 (MFW).

United States Bankruptcy Court, D. Delaware.

June 14, 2011.

Stephen M. Miller, Esquire, Courtney R. Bookout, Esquire, Morris James, LLP, Wilmington, DE, James A. Pardo, Jr., Esquire, Thaddeus D. Wilson, Esquire, King & Spalding, LLP, Atlanta, GA, Counsel for Mitsubishi.

Peter C. Hughes, Esquire, Dilworth Paxson, LLP, Wilmington, DE, for George L. Miller, Chapter 7 Trustee.

Peter C. Hughes, Esquire, Dilworth Paxson, LLP, Philadelphia, PA, for George L. Miller, Chapter 7 Trustee.

### *MEMORANDUM OPINION* [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is Mitsubishi's Motion to Dismiss, in which it contends that the

---

1. The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052(a)(3) of the Federal Rules of Bankruptcy Procedure.

Trustee's Complaint fails to state a preference claim because it fails to describe the nature of the antecedent debt and identify the transferor(s). The Court agrees and accordingly will grant Mitsubishi's Motion to Dismiss for the reasons set forth below. The Court will, however, allow the Trustee leave to amend the Complaint.

## I. BACKGROUND

Tweeter Opco, LLC, was a consumer retailer of electronic equipment, including plasma tv's, flat screen tv's, home theater systems and various other audio/video consumer electronic products. Tweeter and its affiliates (collectively, the "Debtors") each filed a petition for relief under chapter 11 of the Bankruptcy Code on November 5, 2008 (the "Petition Date"). On December 5, 2008, the Court converted the cases to a chapter 7 liquidation (the "Conversion Date") and George L. Miller was appointed chapter 7 trustee (the "Trustee").

On November 2, 2010, the Trustee filed an adversary proceeding (the "Complaint") to avoid and recover alleged preferential payments totaling $933,962.41 made to Mitsubishi Digital Electronics America Inc. ("Mitsubishi"). Mitsubishi filed a Motion to Dismiss the Complaint, which has been fully briefed and is ripe for decision.

## II. JURISDICTION

This Court has core jurisdiction over this adversary proceeding. 28 U.S.C. §§ 1334 & 157(b)(2)(F).

## III. DISCUSSION

Mitsubishi moves for dismissal of the preference action under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure. Mitsubishi argues that the Complaint fails to establish a plausible claim for the avoidance of the allegedly preferential transfers.

### A. Standard of Review
#### 1. Rule 8(a)(2)

Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The statement must provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). In other words, "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief.... [W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

#### 2. Rule 12(b)(6)

A Rule 12(b)(6) motion serves to test the sufficiency of the factual allegations in the plaintiff's complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993) ("The pleader is required to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist."). With the Supreme Court's recent decisions in *Twom-*

*bly* and *Ashcroft v. Iqbal,*[2] "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir.2009).

A claim is sufficient if it is facially plausible, that is "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. Determining whether a complaint is "facially plausible" is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not shown—that the pleader is entitled to relief." *Id.*

After *Iqbal,* the Third Circuit has instructed the courts to "conduct a two part analysis. First the factual and legal elements of a claim should be separated. The [court] must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler,* 578 F.3d at 210–11. *See also Iqbal,* 129 S.Ct. at 1949–50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.... When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). "The plaintiff must put some 'meat on the bones' by presenting sufficient factual allegations to explain the basis for its claim." *Buckley v. Mer-*

*rill Lynch & Co., Inc. (In re DVI, Inc.),* 08–50248, 2008 WL 4239120, at *4 (Bankr. D.Del. Sept.16, 2008).

### B. Failure to State a Claim

Mitsubishi contends that the Complaint must be dismissed because it fails to establish a plausible claim for a preference. Specifically, Mitsubishi contends that the Complaint asserts only legal conclusions and recitations of the statutory language of section 547 instead of sufficient factual allegations.

■ Even before the *Iqbal* and *Twombly* decisions, to survive a motion to dismiss courts required that a preference complaint must allege more than just the statutory elements of a preference, but must also include: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date [of the transfer], (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer." *Valley Media Inc. v. Borders, Inc. (In re Valley Media, Inc.),* 288 B.R. 189, 192 (Bankr.D.Del. 2003). *See also TWA Inc. Post Confirmation Estate v. Marsh USA Inc. (In re TWA, Inc. Post Confirmation Estate),* 305 B.R. 228, 232 (Bankr.D.Del.2004) (granting the defendant's motion to dismiss because the complaint lacked sufficient detail for a preference action including the amount of the debt, date of the payment, and amount of the payment).

■ Mitsubishi asserts three deficiencies in the Complaint: failure to identify the nature of the alleged antecedent debt, failure to allege which Debtor made the transfers, and failure to describe the relationship between the transferor Debtor and Mitsubishi.[3]

---

2. —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

3. Mitsubishi cites in support of its motion the transcript from *Miller v. Alston & Bird LLP,*

First, Mitsubishi alleges that the Complaint does not contain a specific reference to the nature of the antecedent debt. Mitsubishi argues that the Complaint fails to describe the relationship between it and any of the Debtors. For example, Mitsubishi notes that the Complaint is devoid of any specificity as to any contracts or any goods or services Mitsubishi may have provided to the Debtors. In addition, Mitsubishi contends that the exhibit to the Complaint which lists only the creditor, check number, "clear date" and check amount is not sufficient to satisfy the Trustee's burden to show the transfer was made on account of an antecedent debt. (D.I. # 1 at Ex. A.)

Second, Mitsubishi asserts that the Complaint fails to allege the identity of the Debtor or Debtors who did business with Mitsubishi for which an antecedent debt arose. According to Mitsubishi, disclosing the name of the transferor is a required element. *Valley Media*, 288 B.R. at 192. Because this case joins multiple parties together as Debtors, Mitsubishi argues that the specific identity of the transferor must be provided. *Id.* Mitsubishi contends that the Complaint's generalized statement that "one or more of the Debtors transacted with the defendant" is not sufficient to put them on notice of the transfer to be avoided.

The Trustee responds that the Complaint was sufficiently plead and contains the requisite detail to survive the Motion to Dismiss. The Trustee asserts that the Complaint details the nature of the antecedent debts by providing exact check dates, check numbers, and exact dollar amounts. (D.I. # 1 at Ex. A). *See, e.g., OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes*

*Corp.)*, 340 B.R. 510, 522 (Bankr.D.Del. 2006). Similarly, the Trustee contends that its assertion that "one or more of the Debtors transacted business with the Defendant, on account of which one or more of the Debtors was indebted to Defendant" sufficiently identifies the nature of the antecedent debt. *Valley Media*, 288 B.R. at 192. The Trustee argues that describing with particularity which precise Debtor made the payments is superfluous. By incorporating all of Tweeter's affiliates as "Debtors" in the Complaint, the Trustee asserts that Mitsubishi was given proper notice that at least one of the entities made the alleged transfer. (Compl. at ¶ 10). Further, the Trustee asserts that a relationship between the Debtors and Mitsubishi was alleged in the Complaint by stating that the Debtors and Mitsubishi "transacted business."

The Court finds the Complaint does not meet the pleading standards of *Twombly* and *Iqbal.* The Court has previously held that alleged preferential transfers must be identified with particularity to ensure that the defendant receives sufficient notice of what transfer is sought to be avoided. *See, e.g., Buckley v. Merrill Lynch & Co., Inc. (In re DVI, Inc.)*, 08–50248, 2008 WL 4239120, at *5 (Bankr.D.Del. Sept.16, 2008); *Pardo v. Gonzaba (In re APF Co.)*, 308 B.R. 183, 188–89 (Bankr.D.Del.2004) (concluding that preference complaint must identify each transfer by date, amount, name of transferor, and name of transferee). The standards for pleading a cause of action have increased, and cases decided before *Iqbal* and *Twombly* may no longer be good law.

The Court finds that, in this case, the Trustee has not sufficiently identified the

*(In re HomeBanc Mort. Corp.)*, 07–11079 (Bankr.D. Del. argued Oct. 27, 2010). The Court emphasizes that such oral rulings are not precedential and will be disregarded in the Court's decision-making process.

transferor of the alleged preferential payments to Mitsubishi. Because there is more than one debtor in this case, the Court concludes that the Trustee must identify the transferor precisely by name.

The Court is also not convinced that the Trustee provided Mitsubishi with sufficient detail regarding the nature of the transfer in this proceeding. The Court finds that the present proceeding and Complaint are distinguishable from *Oakwood Homes*. In *Oakwood Homes*, the complaint extensively detailed transfers the Debtor made to its securities underwriter involving a Loan Assumption Program and detailed the relationship between the parties including how the transfers arose, which adequately provided the defendant with the nature of the transfer and sufficient notice of what transfers were sought to be avoided. *Oakwood Homes*, 340 B.R. at 522. No such detail regarding the antecedent debt which the transfer satisfied is present in the Trustee's Complaint in this case. *See In re Insilco Techs. Inc.*, 330 B.R. 512, 520 (Bankr.D.Del.2005) (concluding that the complaint failed to identify the antecedent debt).

Although the Complaint here does provide the check numbers, dates and amount of each check, no other information is provided to explain the nature of the antecedent debt which the checks satisfied. *TWA*, 305 B.R. 228 at 233 (finding the complaint deficient, inter alia, for failing to provide the nature and amount of the antecedent debt). The Complaint provides no detail of any relationship between the Debtors and Mitsubishi such as the identity of contracts between the parties or any description of goods or services exchanged. Without such information, the Court determines that the Trustee has failed to describe sufficiently the nature of the antecedent debt.

■ If the Complaint is found to be insufficient in detail, the Trustee has asked the Court for leave to amend the Complaint. Rule 15(a) states that "leave to amend shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

■ Mitsubishi argues, however, that leave to amend should be denied. "A denial of leave to amend is justified if there is undue delay, bad faith, dilatory motive, prejudice, or futility." *Valley Media*, 288 B.R. at 193; *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir.2004). Granting leave to amend is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir.1996)). Mitsubishi argues that any amendment would be futile and should be denied because the Trustee failed to exercise this right within 21 days of service of the Complaint, as a matter of course. Fed. R. Bankr. 7015(a)(1)(B).

The Court is not persuaded by Mitsubishi's argument. While the Trustee could have amended the Complaint under Rule 7015(a)(1)(B) without leave of Court, his failure to do so does not preclude his amending with leave of Court under Rule 7015(a)(2). Although the Complaint is insufficient in detail to survive the Motion to Dismiss, the Court believes that there is enough basis for the Trustee to allege a claim if granted leave to amend.

IV. *Conclusion*

For the reasons set forth above, the Court will grant the Motion to Dismiss the instant adversary proceeding, but allow the Trustee to amend the Complaint.

An appropriate order is attached.

## *ORDER*

AND NOW, this **14th** day of **JUNE, 2011,** upon consideration of the Motion to Dismiss filed by the Defendant and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motion to Dismiss is **GRANTED WITH LEAVE TO AMEND.**