See also 20 F.R.D. 85.

**COURT DEGRAW THEATRE, Inc.,**
**Plaintiff,**

v.

**LOEW'S, INCORPORATED, et al.,**
**Defendants.**

**Civ. No. 12921.**

United States District Court
E. D. New York.

March 31, 1958.

Sperry, Weinberg & Ruskay, New York City, for plaintiff. Joseph A. Ruskay, New York City, of counsel.

Louis Phillips, New York City, for defendant Paramount Pictures Corp. E. Compton Timberlake, Bernard E. Kalman, Marvin H. Ginsky, New York City, of counsel.

Royall, Koegel, Harris & Caskey, New York City, for defendant TCF Film Corp. (formerly known as and sued herein as Twentieth Century-Fox Film Corp.). John F. Caskey, Stanley Godofsky, New York City, of counsel.

Adolph Schimel, New York City, for defendant Universal Pictures Co., Inc.

Benjamin Melniker, New York City, for defendant Loew's Incorporated.

Phillips, Nizer, Benjamin & Krim, New York City, for defendant United Artists Corp.

Schwartz & Frohlich, New York City, for defendant Columbia Pictures Corp.

J. Miller Walker, New York City, for defendant RKO Teleradio Pictures Inc. (formerly known as and sued herein as RKO Radio Pictures Inc.).

BRUCHHAUSEN, District Judge.

The defendants' motion is for summary judgment, dismissing the amended complaint.

On September 22, 1952, the plaintiff brought action against the defendants, alleging various acts of conspiracy in restraint and monopolization of the distribution, licensing and exhibition of motion pictures. Shortly thereafter motions were made to dismiss the original complaint upon the ground that it failed to state a cause of action. Disqualification proceedings against the plaintiff's original attorneys, and other causes delayed the hearing of the motions for a period of four years, at which time they were granted, with leave to plaintiff, Court Degraw Theatre, Inc., to file and serve an amended complaint, which is the subject of the present motion.

The defendants contend that the claims alleged in said amended complaint are barred by the four-year Statute of Limitations. There is no claim that the filing and service of the original complaint were untimely.

In opposing the motion, plaintiff relies on rule 15(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that amended pleadings relate back to the original pleadings if matters stated in the amendment "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

The issue is whether the amended complaint sets forth claims which arose out

of the occurrence, or, new causes of action.

It is clear from a reading of the complaint and the amended complaint that the latter does in fact assert claims arising out of the occurrence set forth in the original complaint.

■ The defendants assert that the plaintiff has introduced new matter in the amended complaint such as identification of the plaintiff's business and property, the period of its operations and additional allegations of conspiracy. They stress their assertion that there was lack of such identity in the original complaint. They intimate that the latter failed to apprise them of the background of the plaintiff and with the details of its alleged relationship with the defendants. It has been held that such amplification by amendment is permissible and is a principal reason for authorizing such procedure. United States v. Schefrin, D.C., 14 F.R.D. 462; Borup v. National Airlines, Inc., D.C., 117 F.Supp. 475. Furthermore, if the defendants were in doubt as to the plaintiff's identity, they could have resolved it by resort to the procedure provided by Rule 12(e) of the Federal Rules of Civil Procedure.

■ The stringent tests urged by defendants as guides in determining whether the amended complaint stems from the same occurrence appear to have been disregarded. Bowles v. Tankar Gas, Inc., D.C., 5 F.R.D. 230. A liberal view should be taken in deciding questions of relation back to the original complaint. New York Central & Hudson River R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L. Ed. 294; White v. Holland Furnace Co., D.C., 31 F.Supp. 32; Green v. Walsh, D. C., 21 F.R.D. 15 and Hammond-Knowlton v. United States, 2 Cir., 121 F.2d 192.

■ The motion is denied. The time of the defendants to answer is extended for the period of twenty days from the date of the order to be entered herein. Settle order on notice.