**In re RANDALL'S ISLAND FAMILY GOLF CENTERS, INC., et al., Debtors.**

**Family Golf Centers, Inc., Plaintiff,**

**v.**

**Acushnet Company and Fortune Brands, Inc.**

**Bankruptcy Nos. 00–41065(SMB) to 00–41101(SMB), 00–41103(SMB) to 00–41196(SMB). Adversary No. 02–3147.**

United States Bankruptcy Court, S.D. New York.

March 21, 2003.

Jonathan L. Flaxer, Jacqueline G. Veit, Sydney R. Smith, Golenbock, Eiseman, Assor, Bell & Peskoe, New York City, for Plaintiff.

Robert D. Goldstein, Epstein, Becker & Green, P.C., New York City, for Defendants.

## MEMORANDUM DECISION GRANTING MOTION TO REARGUE, AND UPON REARGUMENT, ADHERING TO THE COURT'S DECISION

STUART M. BERNSTEIN, Chief Judge.

On February 3, 2003, the Court denied the defendants' motion to dismiss this adversary proceeding on statute of limitations grounds. *See Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.)*, 288 B.R. 701 (Bankr.S.D.N.Y.2003) (the *"Opinion"*). The defendants, Acushnet Company ("Acushnet") and Fortune Brands, Inc. ("Fortune Brands"), have now moved pursuant to FED. R. CIV. P. 59(e), made applicable to this adversary proceeding by FED. R. BANKR. P. 9023, to alter or amend the *Opinion*.

As discussed below, their motion is mostly directed at an earlier decision dismissing a different complaint in another adversary proceeding. Treating the application as a motion for reargument under the Court's local rules, I will grant the motion, but upon reargument, adhere to

my decision denying the defendants' motion to dismiss.

## BACKGROUND

To a great extent the defendants' motion reinvents the arguments made in two prior motions. It is, therefore, necessary to review the prior proceedings in some detail.

### A. The First Action

#### 1. The Complaint

The debtors filed their original complaint (the "Complaint") in adversary proceeding no. 02–2278 (the "First Action") on or about April 29, 2002, only four days before the expiration of the statute of limitations. The plaintiffs included all of the debtors,[1] (Complaint ¶ 4), but the only debtor specifically named in the caption was "Randall's Island Family Golf Centers, Inc." followed by the catch-all "*et al.*" The Complaint spanned nearly ninety pages and asserted claims against approximately eighty defendants, but only the first five pages pertained to Acushnet and Fortune Brands.

The debtors' theory of the case, as alleged in the Complaint, was straightforward. The debtors maintained a cash management system under which all of the debtors submitted their invoices to one of the debtors, Family Golf Centers, Inc. ("Family Golf"), Family Golf paid the invoices, and the other debtors reimbursed Family Golf for the payments made on their behalf. (*Id.* ¶¶ 8–9.) According to the Complaint, the "Debtors" (through Family Golf) paid Acushnet and Fortune Brands the aggregate sum of $584,601.97 during the ninety days before the bankruptcy petition date. (*Id.* ¶ 12.) The transfers were made for the benefit of Acushnet and Fortune Brands who were creditors of the "Debtors," (*id.* ¶ 13), on

account of antecedent debts owed by the "Debtors." (*Id.* ¶ 14.) Consequently, the "Debtors" were entitled to recover the total amount from Acushnet and Fortune Brands. (*Id.* ¶ 18.)

#### 2. The First Motion to Dismiss

On June 12, 2002, Acushnet and Fortune Brands moved to dismiss the Complaint, or in the alternative, for a more definite statement (the "First Motion to Dismiss"). The motion made four arguments. Three revolved around the Complaint's failure to distinguish among the 130 debtors or the different transfers. Specifically, Acushnet and Fortune Brands maintained that the Complaint failed (1) to list all of the debtor-plaintiffs in the caption as mandated by FED. R. CIV. P. 10(a), (*Memorandum of Law in Support of Motion of Defendants Acushnet Company and Fortune Brands, Inc. to Dismiss Complaint*, dated June 4, 2002 ("*First Dismissal Memorandum*"), at 2–3), (2) to distinguish between actions taken by one or more of the debtor-plaintiffs as required under FED. R. CIV. P. 8(a), (*First Dismissal Memorandum* 3), and (3) to plead each transfer as a separate count in accordance with FED. R. CIV. P. 10(b). (*First Dismissal Memorandum* 6.)

The First Motion to Dismiss also argued that the Complaint violated FED. R. CIV. P. 20(a) by lumping claims against eighty different defendants arising from different transactions or occurrences in a single Complaint. (*First Dismissal Memorandum* 7.) In other words, even if the claims against Acushnet and Fortune Brands were properly alleged, they should not have been included in a single pleading with the other defendants.

As the *Opinion* explained in more detail, I granted the motion from the bench, essentially adopting the last argument. The

---

**1.** There are approximately 130 affiliated debtors.

dismissal was without prejudice, but I directed the "Debtors" to file a separate proceeding in the event they intended to renew the claims. (*Opinion* at 703.) I did not rule on the other three grounds raised by the defendants, and it was unnecessary to do so. Acushnet and Fortune Brands were severed from the offending pleading, and the Complaint was a nullity as to them. *If* one or more debtors filed a new pleading, and *if* the new pleading suffered from the same deficiencies as the Complaint, those issues could be addressed at that time.

## B. The Second Action

### 1. The Second Complaint

Family Golf filed the pending adversary proceeding (the "Second Action") on or about October 1, 2002, approximately five days after the entry of the order dismissing the Complaint as against Acushnet and Fortune Brands. The Complaint dated Sept. 30, 2002 (the "Second Complaint") eliminated the pleading and other deficiencies addressed by Acushnet and Fortune Brands in the First Motion to Dismiss. Family Golf, now the only plaintiff, was listed in the caption. No claims were asserted by any other debtor or against any other defendant. Although the Second Complaint still consisted of only one cause of action asserting numerous payments, the actual payments were set forth in an attached schedule. Finally, the Second Complaint alleged that all of the payments were made on account of antecedent debts owed by Family Golf.

### 2. The Second Motion to Dismiss

The defendants filed their motion to dismiss the Second Complaint (the "Second Motion to Dismiss"), arguing that the Second Complaint was barred by the two year statute of limitations in 11 U.S.C. § 546(a)(1)(A).[2] (*Defendants' Memorandum of Law in Support of Motion to Dismiss Complaint Under Fed.R.Civ.P. 12(b)(6)*, dated Nov. 6, 2002 ("*Second Dismissal Memorandum*"), at 2–3.) In addition, anticipating Family Golf's opposition, the defendants argued that the doctrine of equitable tolling did not apply for two reasons. (*Second Dismissal Memorandum* at 6–8.) First, Family Golf could not invoke equity because it had created its own predicament; the debtors had filed the First Action just days before the deadline, and had joined unrelated transactions to save the filing fees. (*Second Dismissal Motion* 6.) Second, equitable tolling is limited to situations involving fraudulent concealment and adverse domination, neither of which existed.[3] (*Id.* at 7–8.)

The Court nevertheless concluded that equitable tolling applied, and denied the defendants' motion to dismiss the Second Complaint for the reasons discussed in the *Opinion*.

## C. The Motion for Reargument

The defendants filed the pending motion within ten days of the docketing of the *Opinion* and prior to the entry of the order denying their motion. They now contend that equitable tolling does not apply where the plaintiff initially filed a timely but legally insufficient complaint, and the failure to file a legally sufficient

---

**2.** The defendants preemptively argued that the Second Complaint did not relate back to the date of the filing of the original Complaint. Family Golf never made this argument.

**3.** The defendants also argued that the New York's "Saving Statute," N.Y.C.P.L.R. 205 (McKinneys 1990), did not toll the statute of limitations. Once again, Family Golf did not make this argument.

complaint was a result of the plaintiff's lack of due diligence. The defects in the original Complaint included (1) the failure to identify the date or amount of the transfers, (2) the failure to identify whether Acushnet or Fortune Brands received the particular transfer, and (3) the failure to identify which antecedent debt was satisfied by each transfer. (*Defendants' Motion to Alter or Amend Court's Memorandum Decision Denying Defendants' Motion to Dismiss Complaint Due to Violation of Statute of Limitations,* ("*Defendants' Reargument Memorandum*"), at 5, 10, 13, 18–19.)

## DISCUSSION

### A. Standards Governing Motion

 Motions for reargument or reconsideration are governed by Local Bankruptcy Rule 9023–1(a), BANKR. S.D.N.Y.R. 9023–1(a),[4] which states:

> A motion for reargument shall be served within 10 days after the entry of the Court's determination of the original motion and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically

orders that the matter be reargued orally.

 The movant must show that the court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *Anglo American Ins. Group v. CalFed Inc.,* 940 F.Supp. 554, 557 (S.D.N.Y.1996)(quoting *Morser v. AT & T Information Sys.,* 715 F.Supp. 516, 517 (S.D.N.Y.1989)); accord *Banco de Seguros Del Estado v. Mutual Marine Offices, Inc.,* 230 F.Supp.2d 427, 428 (S.D.N.Y.2002); *Griffin Indus., Inc. v. Petrojam, Ltd.,* 72 F.Supp.2d 365, 368 (S.D.N.Y.1999); *Farkas v. Ellis,* 783 F.Supp. 830, 832–33 (S.D.N.Y.), *aff'd* 979 F.2d 845 (2d Cir.1992). "Alternatively, the movant must demonstrate the need to correct a clear error or prevent a manifest injustice." *Griffin Indus., Inc. v. Petrojam, Ltd.,* 72 F.Supp.2d at 368 (internal quotation marks and citations omitted); accord *Banco de Seguros Del Estado v. Mutual Marine Offices, Inc.,* 230 F.Supp.2d at 428.

 The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the court has already fully considered. *Id.; Griffin Indus., Inc. v. Petrojam, Ltd.,* 72 F.Supp.2d at 368; *Monaghan v. SZS 33 Assocs.,* 153 F.R.D. 60, 65 (S.D.N.Y.1994); *Farkas v. Ellis,* 783 F.Supp. at 832. In addition, the parties cannot advance new facts or arguments; a motion for reargument is not a

---

4. The defendants based their motion on FED. R. CIV. P. 59(e) which only applies to "judgments," a term synonymous with "appealable orders." FED. R. BANKR. P. 9001(7). The *Opinion* is not an order, and the order denying the defendants' motion to dismiss is not appealable. *See Hill v. City of New York,* 45 F.3d 653, 663 (2d Cir.1995). Hence, Rule 59(e) does not govern the motion. Local Bankruptcy Rule 9023–1(a), however, is not limited to final orders. Furthermore, it is an adaptation of Civil Rule 6.3 of the Local District Court Rules, and the "standards governing motions to alter or amend judgments pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same." *See Greenwald v. Orb Communications & Mktg., Inc.,* No. 00 Civ.1939 LTSHBP, 2003 WL 660844, at *1 (S.D.N.Y. Feb.27, 2003); *accord Abrahamson v. Bd. of Educ. of the Wappingers Cent. Sch. Dist.,* 237 F.Supp.2d 507, 510 (S.D.N.Y.2002); *4200 Avenue K LLC v. Fishman,* No. 00 Civ. 8814, 2001 WL 498402, at *1 (S.D.N.Y. May 10, 2001); *Griffin Indus., Inc. v. Petrojam, Ltd.,* 72 F.Supp.2d 365, 368 (S.D.N.Y.1999).

vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir.1998)(discussing Rule 59); *accord Griffin Indus., Inc. v. Petrojam, Ltd.,* 72 F.Supp.2d at 368 (discussing motions for reargument).

## B. The Defendants' Motion for Reconsideration

Most if not all of the defendants' arguments are raised for the first time in the motion for reargument. For instance, the First Motion to Dismiss never contended that the Complaint was legally insufficient because it failed to identify which of the two defendants had received the transfer or what debt had been satisfied by the transfer. The motion focused solely on the failure to identify which "Debtors" made which transfer. Furthermore, although the defendants argued that the Complaint violated Rule 8(a) because it did not specify the *amount* and *date* of each transfer, the discussion of this point centered on the failure to identify the "Debtors." (*See First Dismissal Memorandum* 5.)

More important, the Second Motion to Dismiss and the Second Dismissal Memorandum never argued that equitable tolling was inapplicable if the timely pleading was legally insufficient due to lack of due diligence. Rather, the defendants' equitable tolling argument concentrated exclusively on the absence of fraudulent concealment or adverse domination. Nor did they argue that the "Debtors" could have filed a legally sufficient complaint but failed to do so because of a lack of due diligence. Instead, the defendants faulted the "Debtors" for improperly joining eighty defendants to save filing fees, and for filing the Complaint only four days before the expiration of the statute of limitations. In fact, the defendants did not mention "due diligence" until the last paragraph in their reply brief, and apparently used it as a synonym to describe the debtors' sins of stinginess and tardiness. (*See Defendants' Reply Brief,* dated Dec. 11, 2002, at 7.)

In short, the defendants never advanced the contention they are seeking to "reargue"—that the doctrine of equitable tolling was inapplicable because Family Golf failed to file a legally sufficient complaint the first time as a result of its lack of due diligence. Nor did they advance the contention that lies at the core of their motion-the Complaint should have been dismissed with prejudice and without the right to file the Second Complaint.[5] Nevertheless, to forestall any doubt on these points, I will grant reargument to consider them.

## C. The Complaint Revisited

### 1. FED. R. CIV. P. 10(a)

■ As noted, the First Motion to Dismiss challenged the Complaint under FED. R. CIV. P. 10(a), 10(b) and 8(a) as well as 20(a). Rule 10(a) states that the caption of the complaint must include the names of all of the parties. The caption is not part of the statement of the claim, *EEOC v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Local 580,* 139 F.Supp.2d 512, 525 (S.D.N.Y.2001); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1321, at 726 (1990)("WRIGHT & MILLER"), and a defect in the caption should *never* be viewed as a fatal error. *Id.,* § 1321, at 730. The failure to comply with the "caption" require-

---

5. The *Opinion* suggested that Acushnet and Fortune Brands had been less than forthright regarding their unstated argument that the Complaint should have been dismissed with prejudice. The transcript of the oral argument shows that the *debtors* raised a concern that the contemplated Second Complaint would face a statute of limitations objection.

ments of FED. R. CIV. P. 10(a) will generally be overlooked in the absence of prejudice, and at most, will result in an order directing the party to amend the caption to add the missing name. 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 10.02[2][b], at 10–8 (3rd ed. 2002)("MOORE'S").

The Second Complaint resolved this non-fatal defect. The caption lists all of the parties.

### 2. FED. R. CIV. P. 10(b)

■ Rule 10(b) requires, among other things, that "[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... *whenever a separation facilitates the clear presentation of the matters set forth.*" (Emphasis added). The Rule is silent on the consequences for failing to comply. 2 MOORE'S § 10.03[4], at 10–27. Generally, a defendant can assert a Rule 10(b) objection through a motion for a more definite statement under FED. R. CIV. P. 12(e) or a motion to strike under FED. R. CIV. P. 12(f). 2 MOORE'S § 10.03[4], at 10–28.

■ If the defendant can ascertain the precise nature of the claim, separate statements will not be required. 5 WRIGHT & MILLER § 1324, at 746–47. If a court nonetheless decides to dismiss the complaint, it should grant the plaintiff leave to amend. 2 MOORE'S § 10.03[4], at 10–27 to 10–28; 5 WRIGHT & MILLER § 1324, at 751.

■ The Second Complaint still includes only one count. As noted, however, it attaches a schedule of payments identified by date, amount, and corresponding invoice number. Separate counts would

not facilitate the "the clear presentation of the matters" beyond the information in the schedules, and the defendants' Second Motion to Dismiss implied as much. They did not assert an objection based on Rule 10(b). Moreover, their failure to assert the objection waived it by operation of FED. R. CIV. P. 12(g).[6] *Marc Dev., Inc. v. Wolin,* No. 93 C 2037, 1994 WL 148660, at *2 (N.D.Ill. Apr.21, 1994).

Accordingly, the Second Complaint resolved any objection based on Rule 10(b).

### 3. FED. R. CIV. P. 8(a)

■ Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and governs the specificity necessary to state a claim under FED. R. CIV. P. 12(b)(6). *Gregory v. Daly,* 243 F.3d 687, 692 (2d Cir.2001); 5 WRIGHT & MILLER § 1203, at 76 ("the form and sufficiency of a statement of a claim under Rule 8(a)(2) may be tested by a motion to dismiss for failure to state a claim upon which relief can be granted" under Rule 12(b)(6)). Rule 8(a) "is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991); *accord Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir.2000).

■ Dismissal under Rule 8(a) "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d

---

6. Rule 12(g) states, with exceptions that are not relevant:

A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted....

Cir.1988); *Kittay v. Kornstein,* 230 F.3d at 541; *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995). If a court is able to understand the allegations to determine that they state a claim, the complaint satisfies Rule 8. *Kittay v. Kornstein,* 230 F.3d at 541.

■ Through the years, the Supreme Court has repeatedly warned that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *accord Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "A complaint need only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Phillip v. University of Rochester,* 316 F.3d 291, 293 (2d Cir.2003)(quoting *Conley v. Gibson,* 355 U.S. at 47, 78 S.Ct. 99). "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim," *Swierkiewicz,* 534 U.S. at 514, 122 S.Ct. 992, and relies on discovery and summary judgment motions to identify the disputed facts and eliminate unmeritorious claims. *Swierkiewicz v. Sorema N.A.,* 534 U.S. at 512, 122 S.Ct. 992; *accord Phillip v. University of Rochester,* 316 F.3d 291, 293 (2d Cir.2003).

■ The Complaint satisfied Rule 8(a). It alleged that Family Golf had made preferential transfers aggregating $584,601.97 to Acushnet and Fortune Brands during the ninety days before the bankruptcy petition date. Admittedly, the Complaint implicitly invoked an agency-type theory, and asserted the preference claims on behalf of the "Debtors" without identifying the debtor-beneficiary of each transfer. Nevertheless, the Complaint put the defendants on notice that they were being sued as preferred transferees for all of the payments they had received from Family Golf-the actual payor-during the ninety day period. Hence, the Complaint gave Acushnet and Fortune Brands "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. at 47, 78 S.Ct. 99.

*Valley Media, Inc. v. Borders, Inc (In re Valley Media, Inc.),* 288 B.R. 189 (Bankr. D.Del.2003), on which the defendants rely, does not lead me to a different conclusion. There, the debtor filed a preference action, alleging that the defendant had received preferential payments of "not less than $624,627.18." *Id.* at 191 (internal quotation marks omitted). The defendant moved to dismiss the complaint under FED. R. CIV. P. 12(b)(6), and the plaintiff moved to file an amended complaint. The defendant opposed the plaintiff's motion, arguing that the original complaint had not supplied enough information to show that the defendant was a creditor with an interest in the property transferred, that the transfer satisfied an antecedent debt, or that the transfer had enabled the defendant to receive more than it would receive in a chapter 7 liquidation. *Id.*

The bankruptcy court granted the motion to dismiss. Relying on an earlier, unpublished decision, the court ruled that a preference complaint must identify the nature and amount of each antecedent debt, and with respect to each transfer, list the date and amount, and the names of the transferor and transferee. *Id.* at 192. The original complaint only contained a rough estimate of the total amount of the preferential transfers, did not provide any

other information and otherwise quoted the statutory language. *Id.*

■■■■ I am compelled to disagree. First, the Federal Rules of Bankruptcy Procedure do not impose a heightened pleading standard on preference claims, and a preference complaint may provide a defendant with fair notice of the claim despite the lack of information required by *Valley Media.* Furthermore, the complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. 99. The liberal pleading rules shift the focus away from motions directed at the pleadings and towards discovery and motions for summary judgment or other dispositions on the merits. For this reason, while the information identified by *Valley Media* might ultimately be necessary to adjudicate the preference claims, it does not follow that it must be pleaded on pain of dismissal.

Second, a heightened pleading standard may have the unintended effect of cutting off valid claims prematurely. Too often, debtors fail to maintain complete books and records, or a trustee inherits books and records that he cannot interpret. In those circumstances, the debtor or trustee may not be able to satisfy the heightened pleading standard enunciated in *Valley Media,* foreclosing the assertion of claims intended to benefit the creditors.

■■■ But if *Valley Media* was right, the appropriate result is the one that *Valley Media* reached-a dismissal without prejudice and with leave to replead. *See* 288 B.R. at 193. Where a complaint is dismissed under Rule 8(a), and the plaintiff has requested leave to replead, "that request should ordinarily be granted." *Ricciuti v. New York City Transit Auth.,* 941 F.2d at 123; *see Simmons v. Abruzzo,* 49

F.3d at 86; *Salahuddin v. Cuomo,* 861 F.2d at 42; FED. R. CIV. P. 15(a)("leave [to amend] shall be freely given when justice so requires"). Here, the "Debtors" requested leave to amend if the Court dismissed the Complaint for any of the reasons advanced by Acushnet and Fortune. (*Plaintiffs' Memorandum of Law in Opposition to Motion of Defendants Acushnet Company and Fortune Brands, Inc. to Dismiss the Complaint,* dated July 10, 2002, at 17–18).

This conclusion, however, does not end the discussion. If the statute of limitations has run, the claims in the amended complaint must relate back to those alleged in the timely pleading. In other words, the repleaded claims must arise out of the same "conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(2)(emphasis added). The defendants' motion implies that the defects that render a complaint legally insufficient also prevent it from providing a basis for the application of the relation back doctrine.

■■■ To the contrary, an amended pleading may relate back under FED. R. CIV. P. 15(c) to an earlier pleading that was dismissed for failure to satisfy Rule 8(a). *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 611 n. 8 (4th Cir.1980)("the failure to have stated a claim under Fed.R.Civ.P. 8(a)(2) is no impediment to the later allowance of an amendment having relation back effect")(*dicta* ); *see United States v. Somers Constr. Co.,* 184 F.Supp. 563, 567 (D.Del.1960)(amended complaint related back to an earlier complaint dismissed for legal insufficiency because the original complaint gave the defendant fair warning of the claim and the amendment did nothing more than particularize the general allegations in the original complaint); *Court Degraw Theatre, Inc. v. Loew's, Inc.,* 22 F.R.D. 264, 266

(S.D.N.Y.1958)(concluding that an amended complaint that amplified earlier allegations related back to an complaint that had been dismissed for failure to state a claim); *see generally* 6A WRIGHT, MILLER & KANE § 1497, at 84 ("[i]f a motion under Rule 12(b)(6) is granted with leave to amend, the new pleading will speak from the time of the original complaint"). Indeed, the text of Rule 15(c) implies as much, making relation back applicable if the amended claims arise out of the same "conduct, transaction or occurrence ... attempted to be set forth in the original pleading." Thus, the inability to identify the transaction does not preclude relation back.

 In this case, the debtors could not "amend" the Complaint in the existing adversary proceeding because they had misjoined Acushnet and Fortune Brands. Instead, they had to file a new action. The principles governing relation back are nevertheless instructive. They support the conclusion that a complaint may fail to satisfy Rule 8(a) but still toll the statute of limitations if the claims asserted in the second complaint arise from the same conduct, transaction or occurrence as the claims in the timely complaint.

I have little difficulty concluding that the claims asserted in the Second Complaint arise from the same transactions as those alleged in the Complaint even if the legal theory has changed. The allegations in the Second Complaint concern the same $584,601.97 in payments made by the same payor (Family Golf) to the same transferees during the same ninety day period.[7] The Second Complaint provides more particularized information concerning the transfers.

Accordingly, even if the Complaint failed to satisfy Rule 8(a)(2) and Rule 12(b)(6), it still contained enough information to permit the conclusion that the Complaint and the Second Complaint concerned the same transactions, and that the former tolled the running of the statute of limitations on the claims alleged in the latter.

## CONCLUSION

But for the violation of FED. R. CIV. P. 20(a), the First Motion to Dismiss based on violations of Rules 8 and 10 would have been denied, or at worst, granted without prejudice. In light of the Rule 20(a) problem, the pleading defects could not be cured by filing an amended complaint in the same adversary proceeding. The dismissal without prejudice permitted the appropriate debtors to file a separate adversary proceeding.

The Second Complaint cured all of the defects attributed to the Complaint, and the defendants moved to dismiss the Second Complaint based solely on the running of the statute of limitations. Thus, they received all of the relief they would have been legally entitled to if I had ruled in their favor on every point raised in the First Motion to Dismiss. Their present motion effectively seeks to achieve, *albeit* indirectly, something that the First Motion to Dismiss never sought nor merited—a dismissal with prejudice of the Complaint.

For the reasons stated, the motion for reargument is granted, but upon reargument, the Court adheres to its decision. The parties are directed to settle an order on notice, and contact chambers for the purpose of scheduling a pre-trial conference.

7. Although not determinative of the issue, the Second Complaint, at ¶ 15, alleges that "[i]n the Prior Action, the Debtors sought to recover from Acushnet and Fortune precisely the same preferential payments that are at issue in this proceeding."