**In re The IT GROUP, INC., et al., Debtors.**

**Official Committee of Unsecured Creditors of The IT Group, et al., On Behalf of The Estate of The IT Group, Inc., et al., Plaintiff,**

v.

**Brandywine Apartments, Defendant.**

**Bankruptcy No. 02–10118(MFW).**
**Adversary No. 04–50444(PBL).**

United States Bankruptcy Court,
D. Delaware.

Aug. 26, 2004.

Jeffrey M. Schlerf, Eric M. Sutty, The Bayard Firm, Wilmington, DE, John K. Cunningham, Ileana A. Cruz, Igor M. Tsibelman, White & Case LLP, Miami, FL, for Plaintiff.

James E. Huggett, Victoria E. Varrasse, Flaster/Greenberg P.C., Wilmington, DE, for Defendant.

## MEMORANDUM OPINION[1]

PAUL B. LINDSEY, Bankruptcy Judge.

### BACKGROUND

On January 16, 2002, Debtors filed their voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code.[2] Plaintiff Committee was thereafter ap-

---

1. This Memorandum Opinion constitutes the findings of fact and opinions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

2. 11 U.S.C. §§ 101 et seq. Hereafter, references to statutory provisions by section number only will be to provisions of the Bankruptcy Code unless the contrary is clearly stated.

pointed and granted leave, standing and authority to prosecute avoidance actions on behalf of the Debtors and their estates. On January 9, 2004, Plaintiff filed its Complaint herein, seeking to avoid and recover certain allegedly preferential transfers of property pursuant to §§ 547 and 550. Defendant filed its Answer on May 21, 2004 and its Motion to Dismiss the Complaint on June 10, 2004. Plaintiff filed its Memorandum of Law in Opposition to the motion on June 28, 2004, and Defendant filed its Reply on July 6, 2004. Defendant filed its Notice of Completion of Briefing on July 13, 2004, and the matter is thus ripe for decision.

*JURISDICTION*

This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).[3]

*DISCUSSION*

■ Defendant asserts that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6).[4] In support of its motion, Defendant relies upon three cases decided by Judge Walsh of this Court: *Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.)*, 288 B.R. 189 (Bankr.D.Del.2003); *Posman v. Bankers Trust Company*, Adv. Pro. No. 97–245, 1999 WL 33742299 (Bankr.D.Del. July 28, 1999); and *TWA, Inc. v. Marsh USA, Inc. (In re TWA Inc. Post Confirmation Estate)*, 305 B.R. 228 (Bankr.D.Del.2004).

Based on these cases, Defendant contends that the Plaintiff has failed to plead certain required elements to effectively state a cause of action for the avoidance of an allegedly preferential transfer. *Valley Media,* relying on *Posman,* sets forth these required elements:

> [T]he following information must be included in a complaint to avoid preferential transfers in order to survive a motion to dismiss: (a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer.

*Valley Media,* 288 B.R. at 192.

The Court determined in each of the cases referred to above that the complaint was insufficient to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure.[5] In each case, the defendant's motion to dismiss under Rule 12(b)(6) was granted and in each case the plaintiff was granted leave to file an amended complaint to provide the required information.

Subsequently, a motion to dismiss under Rule 12(b)(6), relying on the three cases cited above, was denied in *Neilson v. Southern (In re Webvan Group, Inc.)*, Adv. Proc. No. 03–54365, 2004 WL 483580 (Bankr.D.Del. March 9, 2004). In that case, Judge Case states his disagreement

---

**3.** In material part, 28 U.S.C. § 157(b)(3) provides that: "The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."

**4.** Rule 12(b)(6), Fed.R.Civ.P., is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b), and is, in material part, as follows: "[T]he following defenses may at the option of the pleader be

made by motion: ... (6) failure to state a claim upon which relief can be granted."

**5.** Rule 8, Fed.R.Civ.P. is made applicable to this proceeding by Rule 7008, Federal Rules of Bankruptcy Procedure. In material part, it provides as follows:

> "(a) Claims for Relief. A pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

with the "heightened pleading standard" set forth in *TWA, Inc.* and *Valley Media* and his agreement with the views of Judge Bernstein in *Family Golf Centers, Inc. v. Acushnet Company and Fortune Brands, Inc. (In re Randall's Island Family Golf Centers, Inc.),* 290 B.R. 55 (Bankr. S.D.N.Y.2003) In that case, after setting out the holding in *Valley Media,* Judge Bernstein states:

> I am compelled to disagree. First, the Federal Rules of Bankruptcy Procedure do not impose a heightened pleading standard on preference claims, and a preference complaint may provide a defendant with fair notice of the claim despite the lack of information required by *Valley Media.* Furthermore, the complaint should not be dismissed [for failure to state a claim] unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson* 355 U.S. at 45–46, 78 S.Ct. 99. The liberal pleading rules shift the focus away from motions directed at the pleadings and towards discovery and motions for summary judgment or other dispositions on the merits. For this reason, while the information identified by *Valley Media* might ultimately be necessary to adjudicate the preference claims, it does not follow that it must be pleaded on pain of dismissal. Second, a heightened pleading standard may have the unintended effect of cutting off valid claims prematurely. Too often, debtors fail to maintain complete books and records, or a trustee inherits books and records that he cannot interpret. In those circumstances, the debtor or trustee may not be able to satisfy the heightened pleading standard enun-

ciated in *Valley Media,* foreclosing the assertion or claims intended to benefit the creditors.

*Randall's Island,* 290 B.R. at 65.

■■ This Court agrees with the views expressed in *Neilson* and *Randall's Island,* and therefore respectfully declines to follow *Valley Media.*[6] While plaintiffs should be encouraged to provide specific information in support of their claims whenever possible, to require them to do so in their initial pleading in all cases, particularly with the specificity demanded by *Valley Media,* is in this court's view inappropriate and unnecessarily harsh. The fact that Bankruptcy Rule 7008, which contains special pleading requirements in certain adversary cases before bankruptcy judges, fails to provide any such additional requirements for preference actions indicates it was intended that the adequacy of pleadings in such actions be judged under the notice pleading standard of Civil Rule 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." So long as the defendant is provided "fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) the complaint should not be dismissed for failure to state a claim. Further elaboration, if required, may be obtained through the discovery process.

Therefore, when considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court should not grant the motion unless it is apparent that the plaintiff could not establish any set of facts upon which relief could be granted. *In re APF Co.,* 308 B.R. 183, 186 (Bankr.D.Del. 2004) (citing *Morse v. Lower Merion School Distr.,* 132 F.3d 902, 906 (3rd Cir.

---

6. It is noted that this Court does not necessarily disagree with the results reached in the *Valley Media* line of cases, but rather with

their heightened notice pleading requirements.

1997)). The Court must construe the complaint in the light most favorable to the non-moving party. *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989). And further, it must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Morse*, 132 F.3d at 906; *Hechinger Inv. Co. of Delaware Inc. v. M.G.H. Home Improvement (In re Hechinger Inv. Co. of Delaware Inc.)*, 288 B.R. 398, 400 (Bankr.D.Del.2003).

*CONCLUSION*

■ Applying this standard to the case at bar, because the complaint alleges a single transfer in the amount of $10,620 and provides an exhibit indicating the date, amount, and number of the payment, the Defendant is clearly provided fair notice of Plaintiff's claim. Therefore, the Defendant's motion to dismiss the complaint for failure to state a claim must be denied. An appropriate Order follows.

■ Defendant has also urged that Plaintiff's response to the motion be stricken, asserting that the response was not timely filed and lacks the requisite elements for briefs thereby violating Rules 7.1.2(a) and 7.1.3(c) of the Local Rules of the District Court. Defendant's objections are technical in nature, and there has been no showing of prejudice of any kind to Defendant.[7] Plaintiff's response to the motion will therefore not be stricken.

### ORDER

For the reasons set forth in the Court's Memorandum Opinion of this date, Defendant's Motion to Dismiss the Complaint Filed In This Adversary Proceeding For Failure to State a Claim (Doc. # 12) is **DENIED**. Defendant's Motion to Strike

---

7. The Court notes that Defendant's motion, supporting brief, and reply brief are all in violation of District Court Rule 5.1.1, requiring all pleadings, motions and other papers

Said [Plaintiff's] Response as Being Late Filed and Otherwise in Violation of Local Rules (Doc. # 17) is **DENIED**.

presented for filing to be double-spaced except for quoted material and footnotes. No prejudice having been shown, Defendant's papers will not be stricken.