In re 360NETWORKS (USA) INC., et al., Debtors.

The Official Committee of Unsecured Creditors of 360Networks (USA) Inc., et al., and 360Networks (USA) Inc., by and through The Official Committee of Unsecured Creditors of 360Networks (USA) Inc., et al.,

v.

Pirelli Communications Cables and Systems USA LLC, Defendant.

Bankruptcy No. 01–13721 (ALG).
Adversary No. 03–04267 (MG).

United States Bankruptcy Court, S.D. New York.

April 24, 2007.

Norman N. Kinel, Esq., Terence D. Watson, Esq., Dreier LLP, New York, NY, Attorneys for the Official Committee of Unsecured Creditors of 360networks (USA) inc., et al., and the Estate of 360networks (USA) inc.

Richard P. Krasnow, Esq., Richard L. Levine, Esq., Christopher Marcus, Esq., Weil, Gotshal & Manges LLP, New York, NY, Attorneys for Pirelli Communications Cables and Systems LLC.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

MARTIN GLENN, United States Bankruptcy Judge.

The Official Committee of Unsecured Creditors of 360networks (USA) inc., *et al.* (the "Plaintiff") brought an action against Pirelli Communications Cables and Systems USA LLC ("Pirelli" or the "Defendant") seeking the avoidance, recovery, and turnover of certain preferential transfers pursuant to §§ 547 and 550 of the Bankruptcy Code. *See* Complaint (ECF Doc. No. 1). In its original complaint (the "Complaint"), filed on June 17, 2003, Plaintiff sought to avoid and recover preferential transfers in the aggregate sum of "at least $17,330,644.54." Attached to the Complaint as Exhibit A is a schedule showing a detailed breakdown of each transfer, with check number, payment date, invoice number, invoice date and payment amount. The statute of limitations for Plaintiff's avoidance actions expired on June 27, 2003. On February 17, 2007, Plaintiff filed a motion (the "Motion") seeking (i) a determination that an amendment to the Complaint is not required for the Plaintiffs to avoid and recover additional transfers in the amount of $12,350,815.69, or, in the alternative, (ii) permission to amend the Complaint and for a finding that the proposed amended complaint will relate back to the filing of the Complaint and will not be barred by the applicable statute of limitations. For the reasons explained below, the Court holds that an amendment to the Complaint would be required, but would be futile because the statute of limitations has expired with respect to the additional transfers. An amendment to add the additional transfers would not relate back to the original Complaint under Fed.R.Civ.P. 15(c)(2). Therefore, the request for leave to amend is denied.

## I. DISCUSSION

### A. The Parties Contentions

In its Motion, Plaintiff contends that it is entitled to seek the recovery of additional transfers in the amount of $12,350,815.69,

bringing the total amount sought to $29,681,460.23, from Pirelli without amending the Complaint because the Complaint satisfies the liberal pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Specifically, Plaintiff points to the language of the Complaint seeking the avoidance and recovery of preferential transfers made by the Debtor to Pirelli in the amount of "at least $17,330,644.54." *See* Complaint ¶ 1, at 2 (ECF Doc. No. 1). Plaintiff contends that this language provided Pirelli with fair notice that more than $17,330,644.54 was at issue by explicitly demanding the avoidance and recovery of "at least" $17,330,644.54.

In the event the Court deems an amendment necessary, Plaintiff seeks leave of Court to amend the Complaint under Fed. R.Civ.P. 15(a) and further contends that, pursuant to Fed.R.Civ.P. 15(c), the amendment should be deemed to relate back to the filing of the Complaint so as not to be barred by the statute of limitations. Plaintiff states that an amendment will relate back to the filing of an original complaint where, like here, (i) the original complaint evidences an intent to seek recovery of more than the specifically identified transfers and (ii) the amendment merely quantifies the amount sought in the original complaint. Plaintiff contends that any amendment to the Complaint here should similarly be deemed to relate back to the date of the filing of the Complaint since the Complaint clearly provided Pirelli with sufficient notice of the Plaintiff's intent to seek recovery of more than or "at least" $17,330,644.54, and the amendment merely amplifies the transfers referred to in the Complaint.

In its reply brief, Plaintiff further argues that the amendment should relate back to the timely filed Complaint because the transfers all arise out of the same common core of operative facts. Specifi-cally, Plaintiff contends that between 1999 and mid–2001 the Debtor and its predecessors purchased a large amount of fiber-optic cable from Pirelli pursuant to a Supply Agreement executed in January 1999 (the "Supply Agreement") and that all of the transfers were payments for such fiber-optic cable. *See Reply to Motion* at 6 (ECF Doc. No. 17).

The Defendant contends that the Plaintiff should be required to seek leave to amend the Complaint because the actual language of the Complaint did not put it on notice that additional transactions might be challenged and, therefore, the requirements of Fed.R.Civ.P. 8 have not been satisfied. Defendant states that the Complaint, not any other source, must provide the defendant with fair notice and here the Complaint does not contain any information—or even a hint—that Plaintiff may later pursue additional transfers.

Defendant further argues that leave to amend should be denied because amending the Complaint would be futile since these additional transfers do not "relate back" to the original Complaint under Fed.R.Civ.P. 15(c). The Defendant argues that for Plaintiff's proposed amendment to "relate back" the Court must find, among other things, that the Complaint provided fair and reasonable notice to Pirelli that transfers in addition to those specifically identified in the Complaint would or could be challenged. The Defendant argues that the only language to which Plaintiff points to support its assertion that Pirelli had notice that additional transfers may be challenged is that the Complaint seeks avoidance and recovery of "at least $17,330,644.54." Defendant states that the phrase "at least" serves only to preserve the Plaintiff's right to seek an increase in its recovery as a result of interest and that the Complaint makes no reference to other transfers, course of conduct, or any other

fact that might link any other transfers that occurred during the preference period.

## B. Application of Rule 8 of Fed. R.Civ.P.

■ Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and governs the specificity necessary to state a claim under Fed.R.Civ.P. 12(b)(6). The purpose of the statement is to provide "fair notice" of the claim and "the grounds upon which it rests." *Enron Corp. v. J.P. Morgan Sec., Inc. (In re Enron Corp.)*, 325 B.R. 671 (Bankr. S.D.N.Y.2005) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In other words, "[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991).

■ Rule 8 does not control the issue before the Court. Plaintiff's argument that it is not required to amend the Complaint because the Complaint meets the liberal pleading standard of Rule 8(a)(2) appears to be an attempt to make an end-run around the requirements of Rule 15(c)(2). Plaintiff cites *Family Golf Centers, Inc. v. Acushnet Co. (In re Randall's Island Family Golf Centers, Inc.)*, 290 B.R. 55 (Bankr.S.D.N.Y.2003) and *Official Comm. of Unsecured Creditors of the IT Group, Inc. v. Brandywine Apartments (In re The IT Group, Inc.)*, 313 B.R. 370, 371 (Bankr.D.Del.2004) in support of its argument. Plaintiff's reliance on these cases is misplaced. Neither case involved a proposed amendment seeking recovery of new payments after the expiration of the statute of limitations. *See In re Randall's Island*, 290 B.R. at 64–65 (denying a motion to dismiss subsequent complaint that sought to recover the same transfers made by the same payor to the same transferees as the initial complaint, because the complaint met the liberal pleading standard under Rule 8); *In re The IT Group*, 313 B.R. 370 (considering the liberal pleading standard of Rule 8(c) in the context of a motion to dismiss where defendant alleged that plaintiff failed to plead the required elements for a preferential transfer). All of the cases cited by Plaintiff that address the issue of amending a complaint to recover additional payments analyze the issue under Rule 15(c)(2).

Even assuming *arguendo* that Rule 8 is relevant to this analysis, the Court finds that the Complaint does not satisfy the notice pleading requirements of Rule 8 with respect to the additional preference claims. The only language to which Plaintiff points to support its contention that the Defendant had notice that additional transfers may be challenged is that the Complaint seeks avoidance and recovery of "at least $17,330,644.54." However, the terms "at least" appear to apply to the sum of the transfers, specifically identified in Exhibit A to the Complaint, rather than the number of transfers being pursued. *See* Complaint ¶ 11, at 4. Further, the term "at least $17,330,644.54" was explained in the relief requested section to mean the stipulated amount plus interest as of the date of the Demand Letter. *See* Complaint at 5 ("[D]eclaring that Pirelli pay the amount of at least $17,330,644.54, representing the amount owed by Pirelli, plus interest from the date of the Demand Letter as permitted by law"). The Complaint does not include any additional language that would put the Defendant on notice of these additional transfers.

## C. Application of Fed.R.Civ.P. 15

■ Rule 15(a) provides that leave to amend is to be freely granted. Fed.

R.Civ.P. 15(a). But an amendment should be denied where the additional claims sought to be asserted would be barred by the statute of limitations unless the amendment relates back under Rule 15(c). *Metzeler v. Bouchard Transp. Co., Inc. (In re Metzeler)*, 66 B.R. 977, 981 (Bankr. S.D.N.Y.1986). The dispositive issue in this matter, therefore, is whether the additional transfers set forth in the proposed amendment to the Complaint would "relate back" under Rule 15(c). If the additional transfers set forth in the proposed amendment to the Complaint do not relate back then allowing the Plaintiff to amend the Complaint would be futile.

■ Rule 15(c), made applicable by Bankruptcy Rule 7015, provides in relevant part:

An amendment of a pleading relates back to the date of the original pleading when ...

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

Fed.R.Civ.P. 15(c). "[T]he purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities," however, a court must not "undermine the purpose of repose for which statutes of limitations were designed." *Enron Corp. v. J.P. Morgan Sec. Inc. (In re Enron Corp.)*, 357 B.R. 257, 263 (Bankr. S.D.N.Y.2006) (citations and quotations omitted). The moving party who asserts the relation back bears the burden of proof. *In re Enron Corp.*, 298 B.R. 513, 522 (Bankr.S.D.N.Y.2003).

■ The primary consideration in determining whether the proposed amendment to the Complaint should relate back is whether the Complaint put the defendant on notice that additional transfers may be pursued at a later date. Courts will not consider the subjective state of mind of what one party was thinking when it filed its original complaint, but will instead objectively consider whether the original complaint put the other party on notice as to the cause of action being asserted against it. *Enron Corp. and Nat'l Energy Prod. Corp. v. Granite Constr. Co. (In re Enron Corp.)*, No. 03–93172, 2006 WL 2400369, * 10 (Bankr.S.D.N.Y. May 11, 2006) (citing *In re Kam Kuo Seafood Corp.*, 67 B.R. 304, 306 (Bankr.S.D.N.Y. 1986)).

[7, 8] Under Rule 15(c)(2), an amended pleading relates back to an earlier pleading if the amended pleading sets forth claims arising .out of the same conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading. "The principal inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party by the general fact situation alleged in the original pleading." *Id.* (citing *Weiss v. Alicea (In re Alicea)*, 230 B.R. 492, 498–99 (Bankr.S.D.N.Y. 1999)); *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 86–87 (2d Cir.1999) ("Under Fed.R.Civ.P. 15(c), the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations 'by the general fact situation alleged in the original pleading.' ") (quotations and citations omitted); *Rosenberg v. Martin*, 478 F.2d 520 (2d Cir.1973) ("[T]he inquiry in a determination of whether a claim should relate back will focus on the notice given by the general fact situation set forth in the original pleading.") (citing *Snoqualmie Tribe v. United States*, 178 Ct.Cl. 570, 372 F.2d 951, 960 (1967)) (quotations omitted). "If the facts in the original pleading do not provide defendant with notice of facts out of which the time-barred claim arises then

relation back is inappropriate." *106 Mile Transp. Associates v. Koch,* 656 F.Supp. 1474, 1487 (S.D.N.Y.1987).

The general factual allegations made in the original pleading must be enough to put the opposing party on notice as to the potential action that awaits it. *Enron Corp.,* 2006 WL 2400369 at *11. "One test that many courts have employed in order to determine whether an amendment to pleadings will relate back is to determine whether the initial complaint put the defendants ... on notice of what must be defended against in the amended pleadings. This test does not require that the prior complaint put the defendants on notice of new or additional legal theories that the plaintiffs seek to assert against the defendants, but it must inform the defendants of the facts that support those new claims." *Barr v. Charterhouse Group Int'l, Inc. (In re Everfresh Beverages, Inc.),* 238 B.R. 558, 573–74 (Bankr. S.D.N.Y.1999) (citations omitted).

Plaintiff goes to great lengths to set forth numerous facts outside of the Complaint that, it claims, gave Pirelli notice, well in advance of the expiration of the applicable statute of limitations, that Plaintiff would be seeking the recovery of all preferential transfers received by each of the defendants in the preference actions. *See* Motion at 9. However, as discussed above, the Court must objectively consider whether the general fact allegations set forth in the Complaint gave Defendant notice of additional claims; matters outside of the Complaint are irrelevant for purposes of a Rule 15(c)(2) analysis.

Here, the Complaint fails to set forth any facts putting the Defendant on notice that additional transactions may be challenged. Specifically, no facts are alleged regarding the nature of the Debtor's relationship with Pirelli or the nature of the transfers made between the Debtor or

Pirelli during the alleged preference period. The Complaint merely alleges that "[o]n or within ninety (90) days before the Petition Date, 360 made preferential transfers to or for the benefit of Pirelli in the aggregate sum of at least $17,330,644.54, in cash...." Exhibit A to the Complaint identifies specific transfers; it does not provide any information from which the Defendant can glean that the Debtor intended to challenge additional transfers. The Complaint does not mention the Supply Agreement between the Debtor and Pirelli, raised by the Debtor for the first time in its reply memorandum. The Court finds that the Defendant was not put on notice that additional transfers may be pursued at a later date. Indeed, the plain language of the Complaint reflects that no other claims were being asserted or contemplated. Under these circumstances, relation back of the proposed amendment is inappropriate. *See, e.g., Kam Kuo,* 67 B.R. at 308 (denying motion for leave to amend because among other things "the original complaint assert[ed] no such continuing close relationship or conduct from which both the originally pleaded and subsequently pleaded transactions sprung").

Further, the mere fact that all of these transactions are potentially preferential transfers is of no consequence when performing a Rule 15(c)(2) analysis. In the context of preference actions, each potential preferential transfer is a separate and distinct transaction: a preference action based on one transfer does not put defendant on notice of claims with respect to any other unidentified transfers. *Kam Kuo,* 67 B.R. at 308; *see Metzeler v. Bouchard Transp. Co. (In re Metzeler),* 66 B.R. 977, 984 (Bankr.S.D.N.Y.1986) ("Courts have consistently treated preferential transactions as separate and distinct under Rule 15(c)"). For these reasons, the Court concludes that the proposed amend-

ment would not relate back to the timely filed Complaint.

## II. CONCLUSION

For the reasons provided above, the Plaintiff's Motion to Amend the Complaint is DENIED.

**IT IS SO ORDERED.**