In re The HARRIS AGENCY,
LLC, Debtor.

R. Todd Neilson, Chapter 11 Trustee
for The Harris Agency, LLC,
Plaintiff,

v.

Deborah Agnew, H. James Agnew, Alliance National Insurance Company, Alliance Risk Management, LLC, Archway Insurance Services, LLC, Eric Boassard, Nevada Investment Partners, Randall Siko, Trinity Capital Management Group, LLC, Union One Insurance Group, LLC, Defendants.

Bankruptcy No. 09–10384 (JKF).
Adversary No. 11–0471.

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 21, 2011.

Bradford J. Sandler, Esquire, Bruce Grohsgal, Esquire, Pachulski Stang Ziehl & Jones LLP, Wilmington, DE, for Plaintiff.

John J. Barrett, Jr., Esquire, Reger Rizzo & Darnall LLP, Philadelphia, PA, for Defendants Deborah Agnew, H. James Agnew, Alliance National Insurance Company, Alliance Risk Management, LLC, Archway Insurance Services, LLC, Eric Bossard, Nevada Investment Partners, and Union One Insurance Group, LLC.

Philip A. Yampolsky, Law Office of Philip A. Yampolsky, Narberth, PA, for Defendants Randall Siko and Trinity Capital Management Group, LLC.

## STATEMENT OF REASONS IN SUPPORT OF ORDER DATED OCTOBER 21, 2011

JEAN K. FITZSIMON, Bankruptcy Judge.

Upon consideration of Deborah Agnew, H. James Agnew, Alliance National Insurance Company ("Alliance"), Alliance Risk Management, LLC, Archway Insurance Services ("Archway"), LLC, Eric Bossard, Nevada Investment Partners ("NIP"), Randall Siko, Trinity Capital Management Group, LLC, Union One Insurance Group ("Union One"), LLC' (collectively, "the Defendants") Motion to Dismiss the above-captioned adversary proceeding ("the Motion"); [1]

**AND** the eleven-count Complaint ("the Complaint"), filed on June 16, 2011, alleging that wrongful payments were made by the Debtor to or on behalf of the Defendants (who allegedly treated the Debtor's money as their own); [2]

**AND** an Objection to the Motion having been filed on August 16, 2011, see Docket Entry No. 13;

**AND** a hearing on this matter having been held on September 21, 2011 (the "September Hearing"); [3]

**AND** The Harris, Agency, LLC ("the Debtor"), prior to filing for Chapter 11 bankruptcy protection, having operated an insurance agency located in Nevada;

**AND** Defendants Randall Siko and Eric Boassard being the co-managing members of the Debtor;

**AND** the Defendant NIP owning 100% of the equity interest in the Debtor;

1. Defendants Randall Siko and Trinity Capital Management Group, LLC filed a joinder to the other Defendants' Motion on July 18, 2011. Docket Entry No. 6.

2. The Defendants have filed a Motion to Withdraw the Reference with regard to this adversary proceeding. Docket Entry No. 10. That Motion, along with the Plaintiff's Objection to it, have been transmitted to the District Court for disposition. Pursuant to Bankruptcy Rule 5011(c), "[t]he filing of a motion for withdrawal of a case or proceeding ... shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for a stay ordinarily shall be presented first to the bankruptcy judge...." No motion to stay these proceedings has been filed.

3. At the September Hearing, the Court made a preliminary announcement of its ruling to the parties.

AND in 2007, the Debtor having entered into an Account Acquisition Agreement ("the Agreement"), by which the Debtor purchased a book of business from Brown & Brown Insurance of Nevada, Inc. ("Brown & Brown") for $5.25 million;

AND the Agreement calling for payments in three installments;

AND financing for the first installment for the Brown & Brown payment having been obtained by Brooke Credit Corporation ("the Brooke Loan"); [4]

AND financing for the second installment for the Brown & Brown payment having been obtained by M & T Bank ("the M & T Loan"); [5]

AND the Debtor, being unable to make its scheduled loan payments due to declining business, filed for Chapter 11 bankruptcy protection on January 20, 2009;

AND on December 28, 2009, an Order having been issued by this Court directing (among other things) that the Debtor

recover from Archway Insurance Services, LLC, all payments relating to services, expenses or other indebtedness that arose pre-petition which were paid by Debtor to Archway Insurance Services, LLC after the date of filing for relief and file an accounting with same to the Office of the United States trustee and the interested parties.

("the Archway Order"), Docket Entry No. 156 in the main bankruptcy case;

AND R. Todd Neilson having been appointed Chapter 11 Trustee for the Debtor on June 17, 2010 ("the Trustee");

AND the Complaint alleging that the following payments were made by the Debtor "under the control and direction of the Defendants." Complaint, ¶ 47:

- A total of $683,885.72 to Archway, Union One, and Alliance within one year preceding the petition date. Complaint, ¶ 47.

- A total of $541,902.32 to Archway within one year preceding the petition for " 'loan payment, amount due on loan, payment on loan' or other unstated purposes." Complaint, ¶ 48.

- A total of $60,444.26 to M & T Bank within one year preceding the petition on account of the M & T Loan. Complaint, ¶ 49.

- A total of $335,229.90 in post-petition transfers (from January, 2009 through March, 2010) to Archway, Union One, and Alliance. Complaint, ¶ 50.

- A total of $64,264.72 in "prepetition and postpetition" payments to "professional firms [6] for work that entirely or substantially benefitted the Defendants rather than the Debtors." Complaint, ¶ 51.[7]

- Of the payments described in paragraph 51, $62,498.58 were made within one year prior to the petition date. Complaint, ¶ 52.

AND the Complaint alleging that each of the Defendants is an insider of the Debtor, see Complaint, ¶ 54;

### Standard on a Motion to Dismiss

AND it being the standard that in order to survive a motion to dismiss, a complaint

---

4. The Debtor, NIP and Union One were co-obligors on the Brooke Loan.

5. The loan from M & T Bank was made to Archway Insurance Services, LLC and Union One Insurance Group, LLC. The Debtor was not an obligor under the M & T Loan.

6. These firms consist of Black & Gerngross, Durant & Durant LLP, Hutchinson & Steffen, Reger Rizzo & Darnall, and Phillip A. Yampolsky (the "Professional Firms"). Complaint, ¶ 51.

7. However, all payments alleged in paragraph 51 are prepetition payments.

must contain sufficient factual allegations that, if accepted as true, state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007);

**AND** the Supreme Court further articulating the *Twombly* standard two years later, in *Ashcroft v. Iqbal:*

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... only a complaint that states a plausible claim for relief survives a motion to dismiss.... Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (internal citations omitted);

**AND** the Third Circuit having noted that, with these recent Supreme Court decisions, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir.2009);

### Count One of the Complaint

**AND** Count One of the Complaint alleging that the following transfers were preferential and may be avoided pursuant to 11 U.S.C. § 547:

- $1,225,788.04 in payments made to Archway, Union One, and Alliance Risk Management, LLC.[8] *See* Complaint, ¶¶ 47, 48, 55.
- $60,444.26 in payments made to M & T Bank. *See* Complaint, ¶¶ 49, 55.
- 62,498.58 in payments to the Professional Firms. *See* Complaint, ¶¶ 52, 55;

**AND** 11 U.S.C. § 547(b)(2) allowing a trustee to avoid a transfer if such transfer was:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—(A) on or within 90 days before the date of the filing of the petition; or (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—(A) the case were a case under Chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title;

**AND** although the Defendants having asserted that it is unclear whether the Trustee is alleging a single payment to Archway of $519,231.67 or an *additional* payment of $541,902.32, the Court notes

---

8. According the Complaint, the $122,788.04 is calculated by adding $519,231.67 and $541,902.32 allegedly paid to Archway (*see* ¶¶ 47 and 48), to $160,820.72 allegedly paid to Union One (¶ 47) to $3,833.33 allegedly paid to Alliance National Insurance Co. and/or Alliance Risk Management, LLC (¶ 47).

that these sums are clearly laid out as different amounts paid on different dates [9] and, therefore, there is no question that double counting has not occurred;

■ **BUT** Count One suffering from other fatal defects, including, for example, that this cause of action purports to state a preference claim against the Professional Firms for advances made beyond the 90 day reach-back period for non-insiders as set forth in § 547(b)(2), even though the Professional Firms are not alleged to be insiders of the Debtor, *see* Complaint, ¶ 52;

■ **AND** Count One also being unable to withstand the Motion to Dismiss because it fails to provide the necessary detailed allegations regarding the nature of the antecedent debts. *See e.g., Gellert v. Lenick (In re Crucible Materials Corp.),* 2011 WL 2669113 (Bankr.D.Del. July 6, 2011); *Miller v. Mitsubishi Digital Elecs. Am., Inc. (In re Tweeter Opco),* 452 B.R. 150 (Bankr.D.Del.2011);

**AND** the Trustee, in paragraphs 47, 48, and 52 of the Complaint, providing no specifics regarding the alleged antecedent debt owed by the Debtor to Archway, Union One, Alliance, or the Professional Firms;

■ **AND** with regard to preferential payments allegedly made by the Debtor to M & T Bank, the Complaint itself admitting that the Debtor is "not an obligor" on the loan. *See* Complaint, ¶ 49; 11 U.S.C. § 547(b)(2) (the trustee may avoid preferential transfers "on or account of antecedent debt *owed by the debtor before such transfer was made* ..." (emphasis added)); *Michalski v. State Bank and Trust (In re Taco Ed's. Inc.),* 63 B.R. 913, 925

(Bankr.N.D.Ohio 1986) ("where the obligation [of the debtor] is not owed by the debtor, there is no transfer which is subject to recovery under 11 U.S.C. § 547(b)");

**AND,** therefore, because the Complaint having failed adequately to set forth the grounds for a plausible preference cause of action, Count One will be dismissed without prejudice;

### *Count Two*

■ **AND** Count Two of the Complaint alleging that portions of the transfers set forth in paragraphs 47, 48, 49, and 51 of the Complaint are intentionally fraudulent transfers;

**AND** although paragraph 63 of the Complaint stating that "Plaintiff believes and thereon alleges that the Transfers were made to the Defendants with an actual intent to hinder, delay or defraud the Debtor's creditors," the Code section under which the Trustee intends to proceed is unclear (11 U.S.C. § 544(b) is cited in the preamble to Count Two and 11 U.S.C. § 548(a)(1)(A) is cited in paragraph 64 of Count Two); [10]

**AND** Count Two, therefore, failing to satisfy Federal Rule of Civil Procedure 8(a)(2)'s imperative that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" in that the grounds on which relief are sought are not clear. *See e.g., Miller v. Greenwich Capital Fin. Prods., Inc. (In re Am. Bus. Fin. Servs., Inc.),* 361 B.R. 747, 753 (Bankr.D.Del.2007) (*citing U.S. v. City of Phila.,* 644 F.2d 187, 204 (3d Cir.1980));

---

9. The $541,902.32 is made up of six smaller sums and allegedly was paid out over various dates in 2008. Complaint, ¶ 48. The $519,231.67, on the other hand, was allegedly made as a single transfer on April 25, 2008. Complaint, ¶ 47.

10. Count Two also cites 12 Pa.C.S. § 5104(a)(1) and Nev.R.S. § 112.180.

**AND** dismissal further being warranted with regard to Count Two because the Trustee fails to plead with particularity with regard to the alleged fraudulent transfers. *See, e.g., SB Liquidation Trust v. Preferred Bank (In re Syntax—Brillian Corp.,)* 2011 WL 3101809, at *7 (Bankr. D.Del. July 25, 2011) (holding that intentionally fraudulent transfer claims must be pled with particularity in accordance with Federal Rule of Civil Procedure 9(b));

**AND** there being provided in Count Two no information or details with regard to the fraudulent intent of the Defendants regarding the alleged transfers;

■ **AND** although the requirements of Federal Rule of Civil Procedure 9(b) being interpreted liberally where the complaint, as here, is brought by a trustee, "the trustee cannot merely recite the statutory elements." *Burtch v. Dent (In re Circle Y of Yoakum, Texas),* 354 B.R. 349, 356 (Bankr.D.Del. Nov. 21, 2006) (noting that the fraud claims "smack of multiple choice or menu pleading") (internal quotation and citation omitted);

**AND** because the Court having determined that the Plaintiff/Trustee fails in Count Two adequately to plead the details surrounding the Defendants alleged fraudulent transfers, this Count will be dismissed without prejudice;

11. Count Three also cites 12 Pa.C.S. § 5104(a)(2) and Nev.R.S. § 112.190.

12. The Court is aware of opinions holding that the heightened pleading standard of Rule 9(b) does not apply to constructive fraud causes of action. *See e.g. AstroPower Liquidating Trust v. Xantrex Tech., Inc. (In re Astro-Power Liquidating Trust),* 335 B.R. 309, 333 (Bankr.D.Del.2005); *Transcontinental Refrigerated Lines, Inc. v. Dantone (In re Transcontinental Refrigerated Lines, Inc.),* 438 B.R. 520, 522 (Bankr.M.D.Pa.2010). Contrary decisions do not affect the result discussed above

### Count Three

■ **AND** Count Three of the Complaint alleging that portions of the transfers set forth in paragraphs 47, 48, 49, and 51 of the Complaint are constructively fraudulent transfers;

**AND** Count Three, like Count Two of the Complaint, failing to satisfy Federal Rule 8(a)(2) by not being clear as to whether this portion is being pled pursuant to section 544(b) or section 548(a)(1)(B) of the Bankruptcy Code. *See* Fed.R.Civ.P. 8(a)(2); preamble to Count Three; Complaint, ¶ 68; [11]

**AND** Count Three also failing to plead fraud with particularity, it providing only the bare outline of an allegation without giving any details or describing any circumstances. *Stanziale v. SWH Funding Corp. (In re Student Finance Corp.),* 382 B.R. 212, 213 n. 2 (Bankr.D.Del.2007) ("While some courts have allowed 'greater liberality' to trustees pleading fraud in a bankruptcy context, a complaint that simply alleges the statutory elements of a constructive fraud action under section 548 has been held insufficient to meet the pleading requirements of Rule 9(b)."); *accord OHC Liquidation Trust v. Nucor Corp. (In re Oakwood Homes Corp.),* 325 B.R. 696, 698–699 (Bankr.D.Del.2005); [12]

**AND** having considered the reasons discussed herein, the Court will dismiss

for two reasons. First, many courts in this circuit take the opposite view, namely that constructive fraud causes of action must satisfy a heightened pleading standard. Since the Circuit Court has not ruled on this, it is within this Court's discretion to determine the matter. Second, there remains the alternative ground for dismissing Count Three that it fails to comply with Federal Rule 8(a)(2). *See In re AstroPower Liquidating Trust,* 335 B.R. at 333 (holding that Rule 9(b) does not apply to constructive fraud pleadings, but that Rule 8(a)(2) does apply).

Count Three of the Complaint without prejudice;

### Count Four

■ **AND** Count Four purporting to state a claim for recovery of property pursuant to 11 U.S.C. § 550;[13]

**AND** section 550(a) of the Bankruptcy Code providing, in relevant portion, that "to the extent a transfer is avoided under section 544, 545, 547, 548, 549, 553(b) or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred or, if the court so orders, the value of the property. . . ."

**AND** the cause of action in Count Four relying on the causes of action in Counts Two and Three of the Complaint (i.e. to avoid alleged wrongful payments), which, for reasons stated above, will both be dismissed;

**AND** the Court, therefore, determining that Count Four should also be dismissed without prejudice. *See Claybrook v. Bear Growth Capital Partners, LP (In re WBE, LLC)*, 2011 WL 2607090, at *4 (Bankr. D.Del. June 30, 2011) (dismissing cause of action under 11 U.S.C. § 550 where counts pursuant to sections 547 and 548 were dismissed);

### Count Five

■ **AND** Count Five of the Complaint seeking to enforce the Archway Order and alleging that "the Debtor, under the *individual Defendants'* control, neither recovered [the payments referred to in the Archway Order] nor filed" the accounting called for in the Order. Complaint, ¶ 74 (emphasis added);

**AND** the Motion seeking a more definite statement pursuant to Federal Rule of Civil Procedure 12(e)[14] with regard to Count Five of the Complaint, asserting that the Trustee's allegations with regard to who is in control of the Debtor and responsible for the violation of the Archway Order are "inconsistent" and unclear.[15] Motion at 13;

**AND** while "individual Defendants" not being a defined term in the Complaint, the phrase is given meaning in paragraph 21 of the pleading, where individual Defendants are distinguished from the "entity Defendants" by way of "their positions as officers, managing members, and directors." Complaint, ¶ 21;

■ **AND** motions for a more definite statement being "disfavored" in this circuit and should only be granted "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself] . . ." *Collins v. F.B.I.*, 2011 WL 1627025, at *4 (D.N.J. Apr. 28, 2011); *accord Mendicino v. Lotus Orient Corp.*, 2010 WL 4104580, at *9 (E.D.Pa. Oct. 9, 2010);

**AND** the Motion being unpersuasive in asserting that the Complaint's mere description in paragraph five of Defendants Siko and Boassard as "co-managing members" of the Debtor renders the Trustee's

---

**13.** Count Four also cites 12 Pa.C.S. § 5107 and Nev.R.S. § 112.220.

**14.** Rule 12(e) of the Federal Rules of Civil Procedure states, in relevant portion, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point

out the defects complained of and the details desired. . . ."

**15.** The Motion argues that this lack of clarity is caused by the fact that the "co-managing members" of the Debtor are defined in paragraph five of the Complaint as Randall Siko and Eric Boassard, whereas the individual Defendants are Deborah Agnew, H. James Agnew, Eric Boassard and Randall Siko. Motion at 13.

cause of action in Count Five against the "individual Defendants" inconsistent or unintelligible;

**AND** there being little question here that the law in this circuit does not support requiring a more definite statement of Count Five of the Complaint, this portion of the Complaint being sufficiently detailed and intelligible;

**AND** Count Five thus not being appropriate for dismissal;

### Count Six

■ **AND** Count Six of the Complaint alleging that improper post-petition transfers made by the Debtor may be avoided pursuant to 11 U.S.C. §§ 105 and 549;[16]

**AND** the Complaint further alleging that "[m]any of these [transfers] were concealed from the Court, the United States Trustee or the Debtor's creditors and parties [sic] interests for months after the transfers were made." Complaint, ¶ 78;

**AND** Section 549(a) of the Code providing, in relevant portion, that "the trustee may avoid a transfer of property of the estate—(1) that occurs after the commencement of the case; and (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court;"

**AND** Section 105 of the Code providing, in relevant portion, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title . . . ;"

**AND** the Motion asserting that Count Six should be dismissed because it fails to identify "each and every improper transfer" "with specificity." Motion at 14;[17]

**BUT** the Defendants citing no law that requires a heightened pleading standard with regard to the Code sections cited in Count Six of the Complaint;

**AND** the Court being unable to locate any authority which calls for such a heightened pleading standard;

**AND** Count Six stating a plausible claim for relief regarding the alleged post-petition transfers, about which the Defendants have provided no basis for dismissal;

**AND** the Court, therefore, determining that the allegations set forth in Count Six of the Complaint are sufficient to survive the Motion to Dismiss;

### Count Seven

**AND** Count Seven seeking turnover of assets pursuant to 11 U.S.C. § 542(a);

**AND** Section 542(a) of the Code stating, in relevant portion, that "property that the trustee may use, sell, or lease . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate;"

**AND** the Defendants providing, in the Motion, no viable reason to dismiss Count Seven;[18]

**AND** Count Seven, therefore, surviving the Motion to Dismiss;

16. The Complaint points to the transfers set forth in paragraphs 49 and 50 of the Complaint. While paragraph 50 alleges post-petition transfers, paragraph 49 only alleges pre-petition transfers (those made prior to the January 20, 2009 bankruptcy filing).

17. The Motion also asserts that Count Six is "internally inconsistent" with regard to its claims of who is in control of the Debtor (the co-managing members or the individual De-

fendants). Motion at 13–14. This argument was disposed of in connection to Count Five, *supra.*

18. The Motion again asserts that Count Seven is "internally inconsistent" with regard to its claims of who is in control of the Debtor. Motion at 14–15. This argument was disposed of in connection to Count Five, *supra.*

### Count Eight

■ **AND** Count Eight of the Complaint asserting that the individual Defendants breached their fiduciary duty to the Debtor through the following actions: (1) making the prepetition and postpetition transfers described in the Complaint for the benefit of the Defendant companies in which they held ownership interest or control; (2) filing a Plan and Disclosure Statement, the purpose and effect of which would have been to benefit the Defendant companies to the detriment of the Debtor; (3) paying law firms for services intended to benefit the Defendants; and (4) "taking actions designed to interfere with and delay the proper administration of the Debtor's estate for the Defendants' personal and improper benefit." Complaint, ¶ 88;

**AND** the Complaint further alleging that the Defendants' breaches of their fiduciary duties directly and proximately harmed the Debtor by "diminishing the Debtor's estate, reducing the Debtor's ability to conduct its business and increasing the likelihood that the Debtor's creditors would not be paid." Complaint, ¶ 90;

■ **AND** it being the law in this district that in order to state a claim for a breach of fiduciary duty, a Plaintiff must assert "(1) that the defendant negligently or intentionally failed to act in good faith and solely for the benefit of the plaintiff in all matters for which he or she was employed; (2) that the plaintiff suffered injury; and (3) that the agent's failure to act solely for the plaintiff's benefit was a real factor in bringing about plaintiff's injuries." *Meyers v. Sudfeld*, 2006 WL 401855, at *6 (E.D.Pa. Feb. 21, 2006) (citations omitted);

**AND** the Complaint setting forth all these elements with regard to the cause of action for a breach of fiduciary duty;

**AND** the Defendants' argument that a portion of the transfer claims to which the Trustee refers in Count Eight are barred by the statute of limitations being at best an affirmative defense rather than grounds for dismissal, see Motion at 15–16;

**AND** the Defendants' assertion that Count Eight lacks "the necessary connection between facts alleged and the elements of a cause of action" bearing no basis in law. Motion at 14;

**AND** Count Eight, for the reasons stated, being able to survive the Motion, will not be dismissed;

### Count Nine

**AND** Count Nine of the Complaint seeking to hold Defendant H. James Agnew liable for aiding and abetting a breach of fiduciary duty;[19]

**AND** it being alleged, in relevant portion in Count Nine, that "[t]he other individual Defendants' conduct was wrongful, Mr. Agnew had knowledge that the wrongful conduct was occurring, and Mr. Agnew by his involvement and participation in the financial decisions regarding the Debtor gave substantial assistance and encouragement to the other individual Defendants' wrongful conduct." Complaint, ¶ 94;

■ **AND** stating a claim for aiding and abetting breach of fiduciary duty in Pennsylvania requiring the following elements: "(1) a breach of fiduciary duty owed to another; (2) knowledge of the breach by the aider or abettor; and (3) substantial assistance or encouragement by the aider or abettor in effecting that breach." *Jamuna Real Estate, LLC v.*

---

**19.** The Plaintiff has previously grouped all "individual Defendants" together; in Count Nine he separates Mr. Agnew, apparently because Mr. Agnew "is determined not to be a fiduciary of the Debtor." Complaint, ¶ 92.

*Bagga (In re Jamuna Real Estate, LLC),* 445 B.R. 490, 501 (Bankr.E.D.Pa.2010);

**AND** Count Nine alleging each of the required three elements for stating a claim for aiding and abetting a breach of fiduciary duty;

**AND** the Defendants providing no basis on which to dismiss Count Nine, aside from incorporating the arguments made in connection to the other portions of the Complaint;

**AND,** therefore, there being no basis on which to dismiss Count Nine;

### Count Ten

 **AND** Count Ten purporting to state a claim for recharacterization of the Defendants' debt as equity and for disallowance of the Defendants' claims;

**AND** the Trustee alleging in Count Ten that the Defendants "purportedly made advances to the Debtor as an unsecured, undocumented loan, at a time, and allegedly on terms, that no reasonable third-party lender would have lent the money to the Debtor." Complaint, ¶ 98;

 **AND** courts in the Third Circuit considering the following factors in analyzing whether a debt may be recharacterized as equity:

(1) the names given to the instruments, if any, evidencing the indebtedness; (2) the presence or absence of a fixed maturity date and schedule of payments; (3) the presence or absence of a fixed rate of interest and interest payments; (4) the source of repayments; (5) the adequacy or inadequacy of capitalization; (6) the identity of interest between the creditor and the stockholder; (7) the

security, if any, for the advances; (8) the corporation's ability to obtain financing from outside lending institutions; (9) the extent to which the advances were subordinated to the claims of outside creditors; (10) the extent to which the advances were used to acquire capital assets; and (11) the presence or absence of a sinking fund to provide repayments.

*The Official Committee of Unsecured Creditors v. Highland Capital Mgmt., L.P. (In re Moll Indus., Inc.),* 454 B.R. 574, 581–2 (Bankr.D.Del.2011) (dismissing portion of complaint purporting to state claim for recharacterization of debt as equity); *accord Cohen v. KB Mezzanine Fund II, LP (In re SubMicron Sys. Corp.),* 432 F.3d 448, 456 (3d Cir.2006) (describing the "overarching inquiry" as "a court's attempt to discern whether the parties called an instrument one thing when in fact they intended it as something else.");

**AND** there being no details in Count Ten of the Complaint regarding, among other factors, the source of the repayments, the maturity date, the interest rate, and to what extent the advances were allegedly used to acquire capital assets;[20]

**AND** in other words, the Complaint failing here to provide sufficient circumstances surrounding the alleged advances either to state a claim that is plausible on its face or which would allow the Defendants properly to answer this portion of the Complaint;

**AND** because the Court having determined that Count Ten provides merely conclusory statements, this portion of the Complaint will be dismissed without prejudice;[21]

---

**20.** While some of this information may be difficult or impossible for the Plaintiff to provide, given that the debt was allegedly undocumented, the complete dearth of details surrounding the alleged advances does not satisfy current pleading standards. See Trustee's Objection to the Motion to Dismiss at 18.

**21.** Count Ten also states cursorily that any claim of the Defendants with respect to the

**422**

### Count Eleven

■ **AND** Count Eleven stating a claim for equitable subordination pursuant to 11 U.S.C. § 510(c) with regard to Defendants' claims (specifically the claims of Alliance Risk Management, LLC, Union One, and Trinity Capital Management Group, LLC), see Complaint, ¶¶ 101,102,-104;

**AND** the Trustee alleging that "the Defendants' conduct was egregious, included the diversion of substantial sums to Defendant companies that were controlled by the individual Defendants as well as payments to third parties that benefitted the Defendants to the detriment of the Debtor. The Defendants' actions and conduct injured the Debtor and its estate and creditors and conferred an unfair advantage on the Defendants." Complaint, ¶ 103;

**AND** paragraphs 1 through 99 of the Complaint being incorporated into Count Eleven (*see* ¶ 100), which include Count Eight, stating a claim for breach of fiduciary duty, and Count Nine, stating a claim for aiding and abetting breach of fiduciary duty;

**AND** according to Section 510(c)(1) of the Code, the court may "under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest . . . ;"

■ **AND** stating a claim for equitable subordination pursuant to 11 U.S.C. § 510(c) requiring that "(1) the claimant must have engaged in some type of inequi-

table conduct, (2) the misconduct must have resulted in injury to the creditors or conferred an unfair advantage on the claimant, and (3) equitable subordination of the claim must not be inconsistent with the provisions of the bankruptcy code." *Miller v. Parker (In re Reading Broad., Inc.)*, 390 B.R. 532, 557 (Bankr.E.D.Pa. 2008) (citations omitted);[22]

**AND** the Court determining that Count Eleven has sufficiently pled that the Defendants have engaged in inequitable conduct which has conferred an unfair advantage. *See Miller v. Greenwich Capital Fin. Prods., Inc. (In re Am. Bus. Fin. Servs., Inc.)*, 361 B.R. 747 (Bankr.D.Del. 2007) (holding that the equitable subordination count would not be dismissed where the court had sustained counts for breach of fiduciary duty and aiding and abetting breach of fiduciary duty);

**AND** for these reasons the Court finding that dismissal of Count Eleven is not warranted;

### Summary

**AND** accordingly, an order shall be entered consistent with this Statement of Reasons, dismissing Counts One, Two, Three, Four, and Count Ten of the Complaint without prejudice and ordering that Counts Five, Six, Seven, Eight, Nine, and Eleven of the Complaint are not dismissed.

---

alleged loan should be disallowed. Complaint, ¶ 99. This allegation is stated as an afterthought; no elements of a cause of action for disallowing a claim are provided. Therefore, the mere mention of this relief is not an impediment to dismissing Count Ten.

**22.** When the Defendants are insiders (as alleged here) "the standard for finding inequitable conduct is less exacting." *The Official Committee of Unsecured Creditors v. Credit Suisse First Boston (In re Exide Tech., Inc.)*, 299 B.R. 732, 744 (Bankr.D.Del.2003).